# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES RAWLINGS, individually and** \* | |
| as the Co-Personal Representative of the Estate | |
| of DeOnte Rawlings \* | |
| 3916 Cole Blvd., S.E. | |
| Washington, DC 20032 \* | |
| | |
|     and \* | |
| | |
| **LORETTA HALL, individually and as** \* | |
| as the Co-Personal Representative of the Estate | |
| of DeOnte Rawlings \* | |
| 2230 Savannah Terrace, S.E. | |
| Washington , DC 20020 \* | |
| | |
|       Plaintiffs, \* | |
|   vs. | |
| \* | |
| **THE DISTRICT OF COLUMBIA** | |
| \* | |
| **SERVE:** Hon. Adrian M. Fenty, Mayor | Civil Action No. |
|       John A. Wilson Building \* | |
|       1350 Pennsylvania Avenue, N.W. | |
|       Washington, D.C. 20004 \* | |
| | |
|       Linda Singer \* | |
|       Attorney General, D.C. | |
|       441 Fourth Street, N.W. \* | |
|       Washington, D.C. 20001 | |
| \* | |
|     and | |
| \* | |
| **OFFICER JAMES HASKEL** | |
| **METROPOLITAN POLICE DEPARTMENT.** \* | |
| **in both his official and individual capacities** | |
| 300 Indiana Avenue, N.W. \* | |
| Washington, D.C. | |
| \* | |
|     and | |
| \* | |
| **OFFICER ANTHONY CLAY** | |
| **METROPOLITAN POLICE DEPARTMENT.** \* | |
| **in both his official and individual capacities** | |
| 300 Indiana Avenue, N.W. \* | |

**Washington, D.C.**           *
         **Defendants.**
                              *

**COMPLAINT**
(Wrongful Death/Survival Act; Negligence ; Assault & Battery;
Deprivation of Civil Rights; Negligent Training & Supervision; Civil Conspiracy)

**INTRODUCTION**

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking damages against the defendants for committing acts under color of law which deprived plaintiffs' decedent of rights secured under the Constitution and laws of the United States and the District of Columbia.

2. In addition, it is a civil action seeking damages against the defendants for intentional wrongdoing and acts of negligence under common law.

**JURISDICTION**

3. Jurisdiction exists in this case pursuant to the Fourth and Fifth Amendments to the Constitution, and under 42 U.S.C. § 1983, 28 U.S.C. § 1331; 28 U.S.C. § 1343; and under D.C. Code § 11-921.

4. The District of Columbia was given notice of this claim pursuant to D.C. Code § 12-309 on October 23, 2007.

**PARTIES**

5. Plaintiff Charles Rawlings, was at all times relevant herein, a resident of the District of Columbia and is the biological father and co-personal representative of the Estate of DeOnte Rawlings, upon whose death this case is based.

6. Plaintiff Loretta Hall, was at all times relevant herein, a resident of the District of Columbia and is the biological mother and co-personal representative of the Estate of DeOnte

Rawlings, upon whose death this case is based.

7. Defendant District of Columbia is a municipal corporation organized pursuant to the laws of the United States.

8. Defendant James Haskel is a Metropolitan Police Officer, and was so at all times herein relevant. He is sued in this case in both his official and individual capacities.

9. Defendant Anthony Clay is a Metropolitan Police Officer, and was so at all times herein relevant. He is sued in this case in both his official and individual capacities.

### Statement of Facts

10. On September 17, 2007 at approximately 7:00 p.m., plaintiffs' decedent, DeOnte Rawlings, was in the vicinity of the 600 block of Atlantic Street, S.E.

11. While in the 600 block of Atlantic Street, S.E., plaintiffs' decedent was confronted by defendants Haskel and Clay who were in an off-duty capacity at the time.

12. When the defendants confronted DeOnte Rawlings, who was a minor and a mere 14 years old, defendant Haskel knew who he was and had previously encountered him. Defendant Haskel also knew where DeOnte Rawlings lived and knew that he was unlikely to be armed or present a threat to either himself or defendant Clay.

13. Prior to confronting DeOnte Rawlings, the defendants discussed the actions that they were going to take upon encountering plaintiffs' decedent and made a conscious decision not to follow proper police procedures and acted outside their lawful authority.

14. Upon confronting plaintiffs' decedent, the defendants initiated a chase with their vehicle, whereby they attempted to collide with his person with that vehicle, which was a dark colored SUV with tinted windows. As the defendants were chasing plaintiffs' decedent, they began firing a gun at the 14 year old child that they were chasing. As Deonte Rawlings

continued to run for his life, and other members of the community ran for their lives as well, the defendants kept firing at DeOnte Rawlings wildly and randomly in the residential community in which they were in.

15. After firing at plaintiffs 14 year old child repeatedly as he ran for his life, the defendants finally caused his death with a gunshot to the back of his head. At no time prior to or during the period of time the defendants were chasing and shooting at plaintiffs' 14 year old child did they ever identify themselves as police officers or display a badge or any other identifying clothing that would have identified them as police officers to the child that was running for his life or to anyone else in the community who were also terrified by their actions.

16. At no time during the period time that the defendants were chasing and shooting at plaintiffs' 14 year old child did they inform anyone at the Metropolitan Police Department that they were taking such police action nor did they inform the District of their intended actions prior to shooting a 14 year old child dead with a gunshot to the back of his head. In addition, even after shooting the plaintiffs' 14 year old in the back of the head and he lay on the ground, bleeding, twitching and dying, the defendants continued to act in a manner that was inconsistent with Metropolitan Police Department General Orders by not seeking medical treatment for plaintiffs' 14 year old child, and by not reporting the shooting immediately to Metropolitan Police Department Officials.

17. Clearly aware of their misconduct and criminal actions, the defendants fled from the scene of the shooting, failed to secure evidence, removed evidence from the scene of the shooting and otherwise took a number of actions to conceal their despicable and utterly criminal conduct.

18. At all times relevant to this action, defendants Haskel and Clay were acting under

color of law and within the scope of their employment as duly appointed police officers in the District of Columbia.

19. At all times relevant to this action, the District of Columbia had in effect and was responsible for the policies and procedures followed by the its police officers in the actions taken relating to the decedent, and was further responsible for the training, supervision, monitoring and disciplining of the officers involved.

## COUNT I
### (Survival Act)

20. Plaintiff incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

21. Pursuant to the survival act, D.C. Code § 12-101, the decedent's right of action for wrongful and negligent conduct against defendants survives in favor of the plaintiffs, the legal heirs of the deceased. The plaintiffs, demand all damages recoverable under the Act including substantial damages for loss of future wages, medical expenses and conscious pain and suffering, as well as any other damages recoverable under the Act.

## COUNT II
### (Wrongful Death)

22. Plaintiff incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

23. Plaintiff's claims under common law negligence are actionable under the Wrongful Death Act, D.C. Code § 16-2701.

24. As a direct result of the negligence or wrongful acts of the defendants, plaintiffs and the next of kin of the decedent, incurred burial expenses, loss of the pecuniary value of services expected to be performed by the decedent and other damages recoverable under the Act.

## COUNT III
### (Negligence)

25. Plaintiff incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

26. At all times relevant herein, the defendant officers had a duty to employ only reasonable measures in their interaction with and treatment of the decedent.

27. Notwithstanding said duties, the defendant officers and defendant District of Columbia, through its employees and/or agents, negligently took police action while in an off duty capacity, in an unmarked vehicle, without identifying themselves at all during the course of their negligent stop and chase of the decedent and in subsequently using unlawful, excessive and unreasonable force on decedent, DeOnte Rawlings, inasmuch as no force whatsoever was warranted under the circumstances.

28. Defendant District of Columbia, acting under color of law, approved and/or condoned the negligent actions of its rogue officer; thus, any and all liability for the actions of the defendant officers is imputed to defendant District of Columbia.

29. As a direct and proximate result of the negligence of the defendant officers and defendant District of Columbia, DeOnte Rawlings was shot and killed.

## COUNT IV
### (Assault & Battery)

30. Plaintiff incorporates, by reference, paragraphs 1 through 19, as if fully set forth herein.

31. Defendant District of Columbia's police officers, James Haskel and Anthony Clay, without proper grounds, willfully and maliciously shot DeOnte Rawlings in the back of the head.

The wound suffered by DeOnte Rawlings was inflicted while he presented no immediate threat to anyone and was in fact running for his life when the two armed defendant police officers, in plain clothes, and an unmarked vehicle began firing at him.

32. As a direct and proximate result of the willful, malicious and intentional actions of District of Columbia Police Officers, James Haskel and Anthony Clay, plaintiffs' 14 year old child was shot and killed.

## COUNT V
### (Deprivation of Civil Rights, 42 U.S.C. § 1983)

33. Plaintiff hereby incorporates, by reference, paragraphs 1 through 19 as if fully set forth herein.

34. Plaintiff further alleges that defendant Haskel, with deliberate indifference to and reckless disregard for the safety and well-being of plaintiffs' decedent, and in violation of the 4th and 5th Amendments to the Constitution, did on September 17, 2007 commit, allow or cause to be committed, acts which deprived DeOnte Rawlin ngs of his Constitutional rights without affording him due process of law.

35. As a direct and proximate result of the actions of defendant Haskel, DeOnte Rawlings was subjected to the ultimate seizure when he was murdered under the guise of lawful police action.

## COUNT VI
### (Civil Conspiracy)

36. Plaintiffs adopt and incorporate the allegations of complaint paragraphs 1 through 19 as if fully set forth herein.

37. Defendants Haskel and Clay entered into an agreement to commit the illegal act of assault and battery against plaintiffs' decedent.

38. Defendants Haskel and Clay did in fact commit an assault and battery upon plaintiffs decedent.

39. Defendants Haskel and Clay acted in furtherance of their aforementioned scheme by embarking upon a search in the community allegedly for a stolen minibike, with weapons, in an unmarked vehicle, no displayed police identification of any kind, and purposefully without notifying any police officials of their intentions.

40. Defendants Haskel and Clay were acting in the course and general scope of their employment and agency relationship and to the authority given them by Defendant District of Columbia.

41. Plaintiffs 14 year old child was actually injured and killed by the defendant officers.

42. As a direct and proximate result of the Defendants' civil conspiracy and unlawful acts, the plaintiffs' decedent suffered severe pain, emotional distress, and mental anguish as the result of being chased, shot at and eventually murdered in an apartment complex a short distance from his family home.

### COUNT VII
**(Negligent Training and Supervision, 42 U.S.C. § 1983)**

43. Plaintiff incorporates, by reference, paragraphs 1 through 19 as if fully set forth herein.

44. At all times relevant herein, the rogue officers responsible for the murder of DeOnte Rawlings were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures, of defendant District of Columbia.

45. The District of Columbia acted with deliberate indifference by its continued failure to supervise, properly train, control, direct and monitor the officers in their duties and responsibilities. Specifically in this case, the District failed to have in place guidelines, rules and/or regulations which would have guided the conduct of off-duty officers involving themselves in a police investigation regarding property allegedly stolen from one of their homes.

46. Moreover, the District of Columbia has long been aware of the deficiencies in its investigation of use of force by members of the Department and how such deficiencies lead to lax disciplining of officers who engage in excessive force. The District of Columbia, though aware of this long-standing problem, has failed to take steps to alleviate that problem and instead continues to conduct such investigations with a wink and a nod. The District of Columbia continues to engage in this practice even though it knows that the timely and effective imposition of appropriate discipline is critical for preventing and controlling excessive force.     47. As a direct and proximate result of the acts and omissions of defendant District of Columbia, DeOnte Rawlings was wrongfully and unlawfully shot to death.

**WHEREFORE**, the plaintiffs demand judgment against the defendants individually, and in some instances jointly and severally, in the full and just amount of One-Hundred Million Dollars ($100,000,00.00), plus punitive damages to the extent allowed by law, interest, and costs.

### Jury Demand

The plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted,

                                              _____
                                              Gregory L. Lattimer [371926]
                                              1100 H Street, N.W., Suite 920
                                              Washington, D.C.  20005
                                              (202) 638-0095
                                              Attorney for the Plaintiff

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Charles Rawlings
Loretta Hall  //00/

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  DC
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
District of Cloumbia, ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gregory L. Lattimer
1100 H Street, NW Suite 920
Washington, DC 20005

Case: 1:07-cv-01914
Assigned To : Friedman, Paul L.
Assign. Date : 10/23/2007
Description: Civil Rights-Non-Employ.

*JURY ACTION*

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)  OR  ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(6)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ⊙ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

1983 wrongful death lawsuit alleging violation of Fourth and Fifth admendments to U.S. Constitution and various state tort claims. 42 USC 1983

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 100,000,000,000   Check YES only if demanded in complaint
JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒   If yes, please complete related case form.

DATE 10/23/07   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

