UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RAWLINGS, *et al.*, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>    Defendants. )<br>_____ ) | Civil Action No. 07-001914 (PLF) |

## DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER STAYING DISCOVERY

Defendant District of Columbia,[1] through undersigned counsel, respectfully moves to stay these proceedings, or for a protective order staying discovery, until resolution of the pending criminal investigation of the incident underlying this lawsuit. The potential duration of the investigation presently is unknown. For that reason, the District of Columbia proposes to file a status report immediately after the conclusion of the criminal investigation.[2]

Grounds supporting this motion are set forth in the accompanying memorandum of points and authorities which is incorporated by reference.

                                                          Respectfully submitted,

                                                          LINDA SINGER
                                                          Attorney General for the
                                                          District of Columbia

                                                          GEORGE VALENTINE
                                                          Deputy Attorney General
                                                          Civil Litigation Division

---

[1]     Defendants Haskel and Clay have not been served in this case.
[2]     The need for a stay beyond the conclusion of the criminal investigation can be determined at that time.

/s/NICOLE L. LYNCH/s/
NICOLE L. LYNCH [471953]
Chief Civil Litigation Division Section II

\s\ Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, General Litigation Sec. I

/s/David A. Jackson/s/
DAVID A. JACKSON [471535]
Assistant Attorney General
DARRELL CHAMBERS[1]
Assistant Attorney General
LUCY PITTMAN [#483416]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C. 20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail: davida.jackson@dc.gov

LOCAL RULE 7(m) CERTIFICATE

Undersigned counsel attempted to reach counsel for Plaintiffs via telephone but was unsuccessful.

_____
David A. Jackson
Assistant Attorney General

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Darrell Chambers has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RAWLINGS, *et al.*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-001914 (PLF) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
DISTRICT OF COLUMBIA'S MOTION TO STAY PROCEEDINGS OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER STAYING DISCOVERY

I.   INTRODUCTION

Plaintiffs allege numerous statutory and constitutional violations resulting from the September 17, 2007 lethal shooting of the decedent, DeOnte Rawlings by an off-duty Metropolitan Police Department ("MPD") officer. A grand jury and the United States Attorney's office is conducting a criminal investigation of the shooting, *Exhibit #1, Affidavit of Ronald B. Harris.* At this time, the District of Columbia has not answered the complaint, and no scheduling order has been entered. Moreover, the District believes that Plaintiffs have not served the individual Defendants.

In light of the pending criminal investigation, the District of Columbia respectfully requests a stay of proceedings, or alternatively a stay of discovery, until resolution of the criminal investigation. A stay would protect the Defendant police officers[3] from prejudice that

---

[3] Although Defendants Haskel and Clay are not represented by undersigned counsel in this matter as they have not been served, the Court may still consider their interests in a stay of this matter.

could result from overlapping criminal and civil proceedings, prevent the necessity of the parties moving forward without having complete access to relevant information, prevent compromise of the criminal investigation, enhance judicial economy, and protect the public interest.

II.     ARGUMENT

"[A] court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders or conditions 'when the interests of justice seem to require such action.'" *Securities and Exchange Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375-76 (D.C. Cir. 1980), quoting *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (alterations omitted).  Generally, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Dresser*, 628 F.2d at 1375-76.

Courts have recognized the severe prejudice to a defendant simultaneously facing related criminal and civil proceedings.  If the pending civil action is not stayed, then those civil proceedings could well "undermine the party's Fifth Amendment privilege against self-incrimination, expand the rights of criminal discovery beyond the limits of [criminal procedure], expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." Id. at 1376.  "When a defendant has been indicted, his situation is particularly dangerous . . . for the risk to his liberty, the importance of safeguarding his constitutional rights, and even the strain on his resources and attention that makes defending satellite civil litigation particularly difficult, all weigh in favor of his interest." *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.,* 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001).

To prevent such prejudice, federal courts have stayed civil proceedings until the

2

conclusion of overlapping criminal proceedings against the same defendant. *See Johnson v District of Columbia, et al.,* C.A. No. 02-1452 (RMC) (granting stay during on going criminal investigation); Henderson v. District of Columbia, C.A. No. 06-947 (HHK) (granting stay while case is investigated by United States Attorney*)*; *Doe v. City of Chicago*, 360 F. Supp. 2d 880 (N.D. Ill. 2005) (granting stay where defendant officer criminally charged for misconduct arising out of the same events underlying plaintiff's civil lawsuit); *Cruz v. County of DuPage,* 1997 U.S. Dist. LEXIS 9220, No. 96 C 7170, 1997 WL 370194, at *4 (N.D. Ill. June 27, 1997) (granting stay of all discovery in a civil case against defendants "because there is a distinct possibility that the parallel proceedings would undercut the defendants' privileges against self-incrimination"); *Volmar Distributors, Inc. v. New York Post Co., Inc.,* 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (finding that defendants "have a real and immediate interest in staying discovery" because an indictment based on the same factual background was currently pending against them).

"The fact that an indictment has not yet been returned – while it may be a factor counseling against a stay of civil proceedings – does not make consideration of the stay motion any less appropriate." *Brock v. Tulkow*, 109 F.R.D. 116 (E.D.N.Y. 1985) (granting stay of discovery pending outcome of criminal investigation); *see Jones v. City of Indianapolis*, 216 F.R.D. 440, 451-52 (S.D. Ind. 2003) (finding a limited stay of discovery "reasonable and appropriate" to protect the defendant officers' Fifth Amendment rights in the event that pending criminal investigation later resulted in indictments); *Walsh Securities, Inc. v. Cristo Property Mngmt., Ltd.*, 7 F. Supp. 2d 523, 529 (D.N.J. 1998) (although no criminal indictment yet returned, "the strong potential for an unjust result" warranted stay to prevent prejudice to defendants and to uphold their Fifth Amendment rights); *Founding Church of Scientology v.*

*Kelley*, 77 F.R.D. 378, 380 n. 4 (D.D.C. 1977) (noting that the appropriateness of a stay is not limited "only to persons after they become a 'defendant.'").

In determining whether to stay an action, this Court "must balance the competing interests of the parties." *Ellsberg v. Mitchell*, 353 F. Supp. 515, 517 (D.D.C. 1973), citing *Landis v. North American Co.,* 299 U.S. 248, 254-55 (1935) and *Dellinger v. Mitchell*, 442 F.2d 782, 786, 787 (D.C. Cir. 1971).  The issuance of a stay "would require not only a showing of 'need' in terms of protecting the other litigation involved but would also require a balanced finding that such need overrides the injury to the parties being stayed." *Dellinger*, 442 A.2d at 787.  The initial burden is on the party applying for the stay "to demonstrate a need, *however slight*, which justifies a delay in the proceedings." *Ellsberg*, 353 F. Supp. at 517 (emphasis added).

In this case, a limited stay of proceedings is appropriate to prevent severe prejudice to defendants.  Proceeding immediately with this civil action, while an active criminal investigation is nearing conclusion, would force the Defendant police officers into the difficult choice of waiving potential Fifth Amendment privileges or effectively forfeiting the civil suit.  The District of Columbia is equally prejudiced because the District cannot mount an effective defense without its officers' cooperation and/or testimony.  Under the terms of the 2001 Memorandum of Agreement between the U.S. Department of Justice and the District of Columbia (MOA), for example, the District cannot require an officer to speak about the incident if the U.S. Attorney's Office has not issued a written criminal declination.  Thus, the District cannot interview the individual officers or complete its own internal investigation of the officers' alleged misconduct until at least the conclusion of the criminal investigation. *See also Volmar Distributors*, 152 F.R.D. at 40-42 (granting stay as to all defendants where stay appropriate as to two defendants

4

who were "central figures" in the case). The requested stay would also avoid unnecessary compromise of the criminal investigation resulting from untimely disclosure of sensitive information and documents.

Moreover, a stay has the potential to conserve the parties' resources and enhance judicial efficiency. If the U.S. Attorney's Office issues a letter of declination upon completion of its investigation, the MPD can promptly complete its own internal investigation, which must occur within ninety days thereafter. Both the District of Columbia and the plaintiff would benefit from a completed internal investigation to guide these proceedings at the outset, especially with respect to discovery and the feasibility of early settlement discussions.

The public interest is one additional consideration that supports the issuance of a stay. Because this civil case is a private action for money damages, the public has no real stake in its outcome. *Cf. Dresser*, 628 F.2d at 1380 (finding public interest in protecting investors and securities markets was served by parallel SEC criminal and civil enforcement proceedings). Plaintiff makes no request for equitable relief or any allegation that the alleged harm is ongoing. The relevant public interest in the prosecution of those responsible for criminal misconduct is fully served by the ongoing criminal investigation. The pending civil action would not benefit that criminal investigation and even runs the risk of interfering with the investigation by, for example, discouraging reluctant witnesses to come forward. *See Tuite v. Henry*, 98 F.3d 1411, 1417 (D.C. Cir. 1996) (noting factor supporting law enforcement investigatory privilege is whether release of information would "discourage citizens from giving the government information"); *Jones*, 216 F.R.D. 440, 445-46 (upholding law enforcement investigatory privilege in civil rights action based on potential chilling effect on witnesses). Therefore, the public interest supports a stay in this case.

5

As a result of the balancing of all the interests involved, the District of Columbia submits that this action should be stayed until the United States Attorney's criminal investigation is completed. Even assuming that a stay of proceedings is not warranted, a sound exercise of this Court's discretion, alternatively, would be to enter a protective order staying discovery. *See Gordon v. Federal Deposit Ins. Corp.*, 427 F.2d 578, 580 (D.C. Cir. 1970) (stating that, in light of a pending criminal investigation, "the fact the civil case is not stayed does not mean that discovery must proceed in the same way as ordinary civil litigation.") Once again, in addition to the authority to stay civil proceedings, a court is also authorized to "postpone civil discovery, or impose protective orders or conditions 'when the interests of justice seem to require such action.'" *Dresser*, 628 F.2d at 1375-76. For all the reasons stated in support of this motion, a protective order staying discovery would also be appropriate relief.

III.  CONCLUSION

For the foregoing reasons, this Court should enter an order staying these proceedings or, alternatively, a protective order staying discovery.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the
    District of Columbia

    GEORGE VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    /s/NICOLE L. LYNCH/s/
    NICOLE L. LYNCH [471953]
    Chief Civil Litigation Division Section II

    \s\ Kimberly M. Johnson
    KIMBERLY M. JOHNSON [435163]
    Chief, General Litigation Sec. I

/s/David A. Jackson/s/_____
DAVID A. JACKSON [471535]
Assistant Attorney General
DARRELL CHAMBERS[1]
Assistant Attorney General
LUCY PITTMAN [#483416]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Darrell Chambers has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RAWLINGS, *et al.*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-001914 (PLF) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DECLARATION OF RONALD B. HARRIS

I, Ronald B. Harris, under penalty of perjury under the laws of the United States of America, declare the following:

1. I am over the age of 18 and competent to render testimony.

2. I am the Deputy General Counsel for the District of Columbia Metropolitan Police Department (MPD).

3. The incident underlying this complaint involves a lethal shooting by an off-duty MPD officer of a civilian in the District of Columbia.

4. At present, a grand jury is investigating the shooting to determine whether criminal charges should be filed.

5. While this matter is under criminal investigation by the grand jury and the Office of the United States Attorney for the District of Columbia, MPD cannot release any information or documents associated with the incident without

compromising the investigation.

/s/Ronald B. Harris/s/
Ronald B. Harris
Deputy General Counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 2 5 2003
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JUAN JOHNSON, )
)
　　　Plaintiff, )
)
v. ) Civil Action No. 02-1452 (RMC)
)
THE DISTRICT OF COLUMBIA, *et al.*, )
)
　　　Defendants. )

## ORDER

Pending before the Court are a Motion to Stay All Proceedings and a Motion to Dismiss defendant Terrance Gainer, both filed by the District of Columbia. The motions are opposed by plaintiff Juan Johnson. The parties appeared at a motions hearing on April 24, 2003, argued their positions and responded to questions. The Court enters this memorializing Order to record its decisions made in open court.

*Motion to Stay*

This lawsuit alleges that unnamed police officers of the Metropolitan Police Department of the District of Columbia ("MPD") assaulted and injured the plaintiff, who is also a police officer. The Motion to Stay requests a Stay until July 7, 2003, to complete an investigation by the Internal Affairs Division of the MPD that might lead to referral to the United States Attorney and a criminal prosecution if criminal wrong-doing is uncovered. Plaintiff vigorously opposes the Stay, in part because the alleged assault and related injuries leading to this lawsuit occurred in July 2001 and partly because he questions the nature of the investigation. The District of Columbia has assured the Court that the investigation began promptly after plaintiff first registered his complaint in 2001



13


but that it was not completed because the investigator was pulled away into a different and highly complex investigation. To this date, ten interviews have been conducted and six more, including that of the plaintiff, remain. The District of Columbia expressed its concern with an ongoing civil matter when important police officer witnesses might stand on their Fifth Amendment rights and refuse to answer questions.

The Court is concerned with the lengthy time it has taken to complete the investigation, since it is now nearly two years since the events in question. Given this tardy record, and the probability that the investigation was resuscitated only after suit was filed, there is a serious question as to whether the internal investigation by MPD should be allowed to block plaintiff's efforts for civil redress. In the hearing before the Court, the District of Columbia committed to conclude the investigation by June 7, 2003, so that consideration can be made at that point whether to refer any matter to the U.S. Attorney. It is noted that the plaintiff is himself a potential "target" of one aspect of the two-pronged investigation.

Counsel for the plaintiff argued that he did not need to depose any officer who might be a target of the internal investigation at MPD and that, therefore, plaintiff's rights to pursue this suit should not be affected by the untimely investigation. He also asserted plaintiff's willingness to undergo a deposition despite the pendency of the investigation.

*Motion to Dismiss*

In addition, the District of Columbia argues that complaint allegations relating to Terrance Gainer, former Executive Assistant Chief of Police, address only Chief Gainer's official duties and raise nothing to support a claim for individual liability. The District correctly argues that a "suit

against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. United States*, 491 U.S. 58, 71 (1989), *citing Brandon v. Holt*, 468 U.S. 464 (1985). Counsel notes that the controlling law in the District of Columbia is that supervisory officials are not liable under the theory of *respondeat superior* for alleged torts of their subordinate employees. *Carter v. Carlson*, 447 F.2d 358 (1971), *rev. on other grounds sub nom District of Columbia v. Carter*, 409 U.S. 418 (1973).

This black-letter law is inapplicable, according to the plaintiff. The complaint sues Chief Gainer in his official *and* individual capacities. It claims that Chief Gainer failed to exercise proper oversight for training police officers. Plaintiff specifically relies on *Haynesworth v. Miller*, 820 F.2d 1245 (D.C. Cir. 1987), where our circuit court stated,

> Our holding is that, in order to find a supervisory official personally liable in damages for the unconstitutional acts of his subordinate, it must be shown that he was responsible for supervising the wrongdoer; that a duty to instruct the subordinate to prevent constitutional harm arose from the surrounding circumstances; and that, as a result of the official's failure to instruct, the plaintiff was harmed in the manner threatened.

The specific complaint allegations relating to Chief Gainer allege (¶25) "[T]he plaintiff was kicked and traumatized by a rogue police officer acting on behalf of the [MPD] and the direction of defendant Gainer and whose thuggish and illegal actions are well known within the Police Department . . .;" (¶27) "[T]he rogue police officer . . . was acting under the direction and control, and pursuant to the rules, regulations, policies and procedures, of defendant District of Columbia and implemented by defendant Gainer;" and (¶28) Gainer "acted negligently, carelessly, recklessly, and therefore deliberately indifferent, by failing to properly train, supervise, control, direct and monitor [the] rogue police officers in their duties and responsibilities." These allegations are sufficient, when

viewed in a light most favorable to plaintiff, to withstand a motion to dismiss. Most particularly, plaintiff alleges that an unnamed police officer engaged in "thuggish and illegal acts" often enough to be "well known" within the MPD and that Chief Gainer failed to control such acts. Whether these allegations can be proven remains to be seen but they are just barely sufficient for purposes of a motion to dismiss on the pleadings.

Therefore, it is hereby

ORDERED that the Motion to Stay All Proceedings is SUSPENDED without action, subject to renewal. Plaintiff shall conduct such discovery as he believes necessary for his suit *except that* the District of Columbia shall be free to decline to produce deponents or answer interrogatories as to the relevant actions on July 23, 2001, of police officers who are, or may be, targets of the on-going internal investigation. It is

FURTHER ORDERED that the District of Columbia shall notify the Court when the investigation being conducted by the Internal Affairs Division of the MPD is complete and a determination made as to whether any matter will be referred to the United States Attorney for possible prosecution, which notice shall be made as soon as practicable after June 7, 2003; and it is

FURTHER ORDERED that the District of Columbia may renew the Motion to Stay All Proceedings at that time, if necessary, to protect the ability of the District of Columbia to call police officer witnesses to defend the District of Columbia in this suit without the constraints of the Fifth Amendment, which motion shall be subject to response from the plaintiff; and it is

FURTHER ORDERED that the Motion to Dismiss Terrance Gainer is DENIED.

SO ORDERED.

DATED: April 25, 2003

Rosemary M. Collyer
ROSEMARY M. COLLYER
United States District Judge