UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RAWLINGS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 07-001914 (PLF) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DISTRICT OF COLUMBIA'S BRIEF IN REPLY TO
PLAINTIFFS' OPPOSITION TO MOTION TO STAY PROCEEDINGS OR,
IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER STAYING DISCOVERY**

Defendant, District of Columbia, by and through counsel, replies to Plaintiffs' Opposition to Motion to Stay Proceedings ("Opposition"), stating:

Plaintiffs opposed the District's Motion to Stay Proceedings contending that 1) the District has failed to demonstrate a basis for a stay of the proceedings and 2) a stay would not advance the cause of justice for the Plaintiffs. Both contentions lack merit. The pending criminal investigation by the United States Attorney's Office ("USAO") into the actions of the defendant officers and any potential subsequent criminal proceedings mandate a stay of this action.

**I.    Defendants are entitled to a stay of proceedings.**

Plaintiffs' reference to a number of cases in this Court where a stay was not entered as support for their opposition here should be rejected. Plaintiffs fail to cite a single authoritative source for their misplaced proposition that there is no basis for a stay in this case. In addition, they rely on a number of matters previously litigated in this Court as persuasive authority for their position but fail to provide a factual background of those cases to enable the court to determine

whether the facts of those cases were similar or inapposite to the facts in the instant case. See *Opposition page 2*. A review of the docket entries, filings of counsel, and court orders, where available, clearly shows the cases cited by the Plaintiffs will not assist the Court in its decision in the instant case. Far from proving, as Plaintiffs assert, that the District has routinely employed the motion to stay as a tactic to delay and obstruct, five out of the seven cases reveal that no stay was requested by the District. In one of the cases, Plaintiffs' counsel herein, Gregory Lattimer, requested a stay on behalf of his own client for reasons unrelated to a pending parallel criminal investigation. Taking each case cited by Plaintiffs in turn:

>   *Harris v. D.C.*, Case No. 99-CV-2917 (Judge Kotelly) is neither authoritative nor persuasive. Indeed, according to the docket entries, a stay was never requested in this case and, therefore, the Judge never issued a stay.
>
>   *Shorter v. D.C.*, Case No. 00-657 (Judge Roberts) is neither authoritative nor persuasive. Indeed, according to the docket entries, a stay was never requested in this case and, therefore, the Judge never issued a stay.
>
>   *Barnes v. D.C.*, Case No. 02-485 (Judge Collyer) was a case in which Plaintiffs' counsel herein, Gregory Lattimer, requested a stay of the civil proceedings in order to challenge the appointment of the personal representative of the decedent's estate in probate court. The stay was not premised on the fact that a parallel criminal investigation was pending. Thus, this case is inapposite.
>
>   *Hundley v. D.C.*, Case No. 02-0638 (Judge Kennedy) was a case where a stay was requested while the USAO investigated the conduct of the Police Officer defendants in the case. The court reserved on the motion, which was styled as a motion to continue trial, on September 5, 2003. As Plaintiff's counsel herein is aware, on September 8, 2003 Judge Kennedy denied that motion because the USAO had issued a letter declining to prosecute the Officers. See Mr. Lattimer's opposition to the Motion to Continue Trial attached as Exhibit #2. Thus, this case is inapposite.
>
>   *Deng v. D.C.*, Case No. 02-1022[1] (Judge Collyer) is neither authoritative nor persuasive. A stay was never requested in this case. Upon information and belief, the USAO had already declined to prosecute the case thereby obviating the need for a motion to stay proceedings arose.

---

1 Incorrectly cited as 02-2022, the actual case number is 02-1022.

>In *Emanuel v. D.C.*, Case No. 03-1186 (Judge Huvelle) the Court entered a minute order denying the motion without explanation as to why it was denied. Upon information and belief, the USAO had declined to prosecute the case during the pendency of the motion. Thus, this case is neither authoritative nor persuasive.
>
>*Reed v. D.C.*, Case No. 03-1085 (Judge Collyer) is neither authoritative nor persuasive. According to the docket entries, a stay was never requested.

Having no *law* to support their motion, Plaintiffs attempt to cite *Founding Church of Scientology v. Kelley*, 77 F.R.D. 378, 380 n.4 (D.D.C. 1977), as support for their opposition to the request for a stay. *Founding Church of Scientology*, however, supports the proposition that the absence of an indictment against a civil defendant who is simultaneously the subject of a parallel criminal investigation – while it may be a factor counseling against a stay of civil proceedings – does not make consideration of the stay motion any less appropriate. The Court made clear that the appropriateness of a stay is not limited "only to persons after they become a 'defendant.'" *Founding Church of Scientology* Id. at 480. Judge Bates relied upon *Founding Church of Scientology* in *Nigel Austin v. D.C.*, Civil Action No. 05-2219 (JDB), in granting a stay before an indictment was handed down in the parallel criminal case.[2]

Undoubtedly, Plaintiffs cannot point to any common law or statutory authority to refute the basic premise of the District's motion: that granting the stay would protect the Defendant police officers from prejudice that could result from overlapping criminal and civil proceedings, prevent the necessity of the parties moving forward without having complete access to relevant information, prevent compromise of the criminal investigation, enhance judicial economy, and protect the public interest. Indeed, the courts have recognized these considerations in deciding whether to grant stays in cases involving parallel criminal and civil cases. *Securities and Exchange Comm'n v. Dresser*

*Indus., Inc.,* 628 F.2d 1368, 1375-76 (D.C. Cir. 1980), quoting *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (alterations omitted). *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.,* 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001); *Doe v. City of Chicago*, 360 F. Supp. 2d 880 (N.D. Ill. 2005); *Cruz v. County of DuPage,* 1997 U.S. Dist. LEXIS 9220, No. 96 C 7170, 1997 WL 370194 (N.D. Ill. June 27, 1997); *Volmar Distributors, Inc. v. New York Post Co., Inc.,* 152 F.R.D. 36, 39 (S.D.N.Y. 1993). These cases all refer to a pending indictment or the possibility of an indictment and the distinct possibility that the parallel civil and criminal proceedings would undercut the defendants' privileges against self-incrimination. Since the investigation by the USAO is still pending, an indictment remains a possibility. The USAO is investigating the very allegations advanced in Plaintiffs' complaint[3]. Pursuant to the 2001 Memorandum of Agreement between the U.S. Department of Justice and the District of Columbia (MOA), the District cannot require an officer to speak about the incident if the U.S. Attorney's Office has not issued a written criminal declination, a condition which has not been met in the instant case. The District is constrained in this litigation in that it cannot interview the individual officers, complete its internal investigation of the officers' alleged misconduct, or properly answer the complaint, until *at least* the conclusion of the criminal investigation.

There can be no dispute that District has met its burden in demonstrating a need for a stay of proceedings. The individual police officer defendants are being investigated by the USAO for their actions during the very incident which forms the basis of the instant civil matter. The police officers cannot defend themselves from plaintiffs' claims without describing their actions during the incident in question. In so doing, their statements could be used against them in a criminal investigation or

---

[2] Order of Judge John D. Bates in *Nigel Austin v. D.C.* Civil Action No. 05-2219 is attached as Exhibit #1.

proceeding. Thus, the individual defendants could be irreparably harmed if the requested stay is not granted. The District of Columbia is not a criminal defendant but its defense in this matter may be wholly dependent on that of the individual defendants. If they cannot defend themselves, then the District is bereft of a defense as well.

**II.     Plaintiffs have failed to show that they would suffer any harm to their case if the Motion to Stay is granted.**

Plaintiffs have not shown that their case would be harmed in any way by the requested stay. Instead, they embrace bald assertions that:

> "The plaintiffs are stymied in their quest for leads – the District is not. The plaintiffs are hamstrung by their inability to examine and assess the physical evidence – the District is not. The plaintiffs are unable to make inquiries of witnesses when things are fresh in their minds, based upon the physical evidence gathered – whereas the District is not so constrained."

Plaintiff's Opposition page 8.

While they advance no facts to support any of the above claims of prejudice, it is the third assertion, that the plaintiffs are unable to make inquiries of witnesses when things are fresh in their minds, which particularly appears hollow. According to several quotes in area newspapers and other media outlets, counsel to the Plaintiffs began his investigation months ago, just weeks after the incident referred to in the complaint[4]. In fact, only three weeks after the occurrence, Plaintiffs'

---

3 Defendant has submitted a copy of the signed declaration from Ronald Harris.
4 "*Medical Records Show D.C. Teen Was Shot From Behind*" Washington Afro American, October 8, 2007, http://news.newamericamedia.org/news/view_article.html?article_id=9058b101855b9bd8019a1e4c692be9e4
"*Rawlings Family Sues District, Police*" ABC 7 News, Wednesday October 10, 2007
http://www.wjla.com/news/stories/1007/462784.html
"*SE Shooting Suspect May Be Witness To DeOnte Rawlings Death*" NBC4.com October 17, 2007, http://www.nbc4.com/news/14364137/detail.html?dl=headlineclick
"*Teen Claims Rawlings Shot at Police*" WTOP News October 18, 2007,
http://www.wtopnews.com/?sid=1271779&nid=25
"*Teenager Killed by off-duty police Officer Had Fired 2 Shots*" Examiner.com October 18, 2007, http://www.examiner.com/a-995885~Source__Teenager_killed_by_off_duty_police_officer_had_fired_2_shots.html
"*Assault Suspect Says He Saw DeOnte's Shooting*" Washington Post Friday October 19, 2007, B04.

counsel indicated that he had interviewed dozens of witnesses who were at the scene of the shooting[5]. Obviously, counsel's investigation in this case, which began not long after the occurrence, belies his assertion that Plaintiffs' are unable to make inquiries of witnesses.

Nonetheless, Plaintiffs' contentions fall far short of the type of irreparable injury that will justify the denial of a stay of a civil matter notwithstanding an on-going criminal investigation. The case law requires a showing of need by the party seeking a stay and a balancing of that need with the injury to the party being stayed. *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936); *Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir. 1971). How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Landis Co.,* Id. In Dellinger, the court analyzed the injury component of the test, stating:

> "Any protracted halting or limitation of a plaintiff's right to maintain its case would require not only a showing of "need" in terms of protecting the other litigation involved but would also require a balanced finding that such need overrides the injury to the parties being stayed. This consideration is of particular importance where the claim being stayed involves a not insubstantial claim of present and continuing infringement of constitutional rights."

*Dellinger*, 442 F.2d at 787.

In this case, the Defendant officers face what the *Kordel* court called a "real and appreciable risk of self-incrimination" by having to participate in the discovery process in the instant case. *United States v. Kordel*, 397 U.S. 1, 9 (1970). Indeed, the Defendant officers have a liberty interest in this court granting the stay. Without the Defendant officers' participation, the District will be prevented from effectively defending this case. At the same time, while this is a very serious case which concerns the death of Plaintiffs' son, it is ultimately a lawsuit for money damages. The balancing of the officers', the Districts, and the Plaintiffs' interests mandate a stay of proceedings in

this case.

Here, a stay will not prejudice any party because this matter was recently filed, it concerns very recent events, and the proceedings will likely be stayed for only a short time. While stays of the type requested by the District are most often granted when a pending criminal investigation has already resulted in an indictment, the Court has ultimate discretion to grant or deny the stay based on its assessment of the circumstances. *Landis* Id. *at* 254 (stating that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the case on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Kordel* Id. at 12; *Dellinger* Id. at 786; *Founding Church of Scientology v. Kelley*, 77 F.R.D. 378, 380 n.4 (D.D.C. 1977).

### Conclusion

WHEREFORE, for the foregoing reasons, and the entire record in this case, defendants are entitled to a stay of proceedings.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

\s\ Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, General Litigation Sec. I

NICOLE L. LYNCH [471953]
Chief, General Litigation Sec. II

---

5 "*Rawlings Family Sues District, Police*" ABC 7 News, Wednesday October 10, 2007
http://www.wjla.com/news/stories/1007/462784.html

\s\ Darrell Chambers
DARRELL CHAMBERS[6]
DAVID A. JACKSON [471535]
LUCY PITTMAN [#483416]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C. 20001
Direct Line: 202-724-6539
Facsimile: 202-727-3625
E-mail: darrell.chambers@dc.gov

## CERTIFICATE OF SERVICE

This certifies that on the 13th day of December, 2007, a true and correct copy of the foregoing, the District of Columbia's Brief in Reply to Plaintiffs' Opposition to Motion to Stay Proceedings or, In the Alternative, for a Protective Order Staying Discovery was sent electronically to:

Gregory Lattimer, Esquire
Law Offices of Gregory L. Lattimer, PLLC
1100 H. Street, NW Suite 920
Washington, DC 20005
Attorney for Plaintiffs

/S/   Darrell Chambers
DARRELL CHAMBERS

---

[6] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Darrell Chambers has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NIGEL AUSTIN,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>DISTRICT OF COLUMBIA,<br><br>　　　Defendant. | Civil Action No. 05-2219 (JDB) |

## ORDER

Upon consideration of Defendant's Motion to Stay All Proceedings, the memoranda of the parties, and the entire record herein, it is this 9th day of January, 2006, hereby

**ORDERED** that the motion is **GRANTED** in part and **DENIED** in part; it is further

**ORDERED** that this case will be stayed for a period of four months. Although such stays are most often granted when a pending criminal investigation has already resulted in an indictment, the Court has ultimate discretion to grant or deny the stay based on its assessment of the circumstances. See Landis v. North Am. Co., 299 U.S. 248, 254 (1936) (stating that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the case on its docket with economy of time and effort for itself, for counsel, and for litigants"); see also United States v. Kordel, 397 U.S. 1, 12 n.27 (1970); Dellinger v. Mitchell, 442 F.2d 782, 786 n.7 (D.C. Cir. 1971); Founding Church of Scientology v. Kelley, 77 F.R.D. 378, 380 n.4 (D.D.C. 1977). Here, the Court is confident that a stay will not prejudice any party because the case was recently filed, it concerns very recent events, and the proceedings

will likely be stayed for only a short time; it is further

**ORDERED** that the parties shall appear for a Status Conference on May 8, 2006 at 9:00 a.m.; and it is further

**ORDERED** that the parties shall file a Status Report with the Court by not later than May 1, 2006, addressing any information they have relating to the status of any ongoing (or completed) investigations.

/s/    John D. Bates
JOHN D. BATES
United States District Judge

Dated:   January 9, 2006

Copies to:

Peter C. Grenier
BODE & GRENIER, LLP
1150 Connecticut Avenue, NW
Suite 900
Washington, DC 20036
(202) 862-4311
Fax: (202) 828-4130
Email: pgrenier@bode.com
   *Counsel for plaintiff*

Michael P. Bruckheim
OFFICE OF THE ATTORNEY GENERAL DISTRICT OF COLUMBIA
441 Fourth Street, NW
Sixth Floor North
Washington, DC 20001
(202) 442-9833
Fax: (202) 727-3625
Email: michael.bruckheim@dc.gov

-2-

Lauren J. Birnbaum
OFFICE OF THE ATTORNEY GENERAL
441 Fourth Street, NW
6th Floor North
Washington, DC 20001
(202) 442-9754
Fax: (202) 727-3625
Email: lauren.birnbaum@dc.gov

*Counsel for defendant*



### IN THE UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARL HUNDLEY, as the Personal Representative of the Estate of Brian E. Hundley** | * * * * * |
| **Plaintiff,** | * Civil Action No. 02-0638 |
| vs. | * (HHK) |
| **THE DISTRICT OF COLUMBIA, et al.,** | * * * |
| Defendants. | * * |

### PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO
### DEFENDANTS' MOTION TO CONTINUE THE TRIAL

Comes now, the plaintiff, by and through counsel, and hereby submits his opposition to what appears to be defendants' renewed motion to continue the trial date in this matter. Counsel for the defendants, Robert DeBerardinis, informed the Court via e-mail, correctly that the U.S. Attorney's has advised today that its investigation is complete and that it is forwarding a letter to Officer Gaines indicating that no prosecution is being initiated. Obviously mindful of the fact that this Court made clear on Friday, September 5, 2003, that the granting or denying of the motion for continuance of the trial date would turn on whether or not Officer Gaines had waived his Fifth Amendment Rights, and based upon this new development realizing that the Fifth Amendment issue is now moot, the defendants submit that a "short continuance perhaps 30 days" should still be granted. The basis for the continuance now is that the defendants did not get an expert lined up during the discovery period that they now claim they want to testify.

The plaintiff has advised the Court repeatedly that the true basis of defendants' motion was discovery and the fact that they did none. The plaintiff reiterates that no legal basis exists

for continuing the trial date and this is particularly so now that the U.S. Attorney's Office has declined prosecution and the defendants themselves represented that once that action took place, no basis for an assertion of the Fifth Amendment exists.

Wherefore for the reasons stated herein and in the record of this proceeding it is respectfully requested that defendants' motion for continuance of the trial date be summarily denied.

Respectfully submitted,

Gregory L. Lattimer [371926]
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 434-8940

Donald M. Temple [408749]
1200 G Street, N.W.
Suite 370
Washington, D.C. 20005
(202) 628-1105

Johnnie L. Cochran, Jr. [409070]
Janell M. Byrd [376609]
The Cochran Firm
700 13th Street, N.W.
Suite 1150
Washington, D.C. 20005
(202) 682-5800

Counsel for the Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RAWLINGS, *et al.*, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 07-001914 (PLF) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

### DECLARATION OF RONALD B. HARRIS

I, Ronald B. Harris, under penalty of perjury under the laws of the United States of America, declare the following:

1. I am over the age of 18 and competent to render testimony.

2. I am the Deputy General Counsel for the District of Columbia Metropolitan Police Department (MPD).

3. The incident underlying this complaint involves a lethal shooting by an off-duty MPD officer of a civilian in the District of Columbia.

4. At present, a grand jury is investigating the shooting to determine whether criminal charges should be filed.

5. While this matter is under criminal investigation by the grand jury and the Office of the United States Attorney for the District of Columbia, MPD cannot release any information or documents associated with the incident without

compromising the investigation.

/s/Ronald B. Harris/s/   12/12/07
Ronald B. Harris
Deputy General Counsel