IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

**CHARLES RAWLINGS, et al.,** \*

    **Plaintiffs,** \*

vs.                                            **Civil Action No. 07-001914 (PLF)**

                                       \*

**THE DISTRICT OF COLUMBIA, et al.,** \*

                                       \*

    **Defendants.**

                                       \*

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE
COURT'S AMENDED MINUTE ORDER OF JANUARY 3 2008**

Come now the plaintiffs, by and through counsel, and hereby moves the Court to reconsider its Amended Minute Order of January 3, 2008 in which it granted the District of Columbia's Motion to Stay Proceedings until February 21, 2008 unless earlier lifted by Court Order. The Court's ruling is entirely inconsistent with applicable law, particularly in light of the fact that the Court does not appear to have even attempted to balance the competing interests of the parties, as it must do. *Ellsberg v. Mitchell*, 353 F.Supp. 515, 517 (D.D.C. 1973).

The Court of Appeals for the D.C. Circuit long ago established the law that must be followed when a stay is sought by a party to litigation:

> A court has inherent power to stay proceedings in control of its docket, - - **after balancing competing interests** . . . The supplicant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. **Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both**. [Emphasis added.] [citation omitted]

*Dellinger v. Mitchell*, 442 F.2d 782, 736 (D.C. Cir. 1971). In *Dellinger*, the Court of Appeals rejected exactly what this Court has done here:

> The improvidence of the stay granted relates not only to its duration **but to its scope**. The order requires a stay of all proceedings. Where related civil and criminal litigations are pending at the dame time, **sound discretion of the Court may require that the civil action not be blocked entirely but be subject to some limitations**, including, e.g., protective orders pertinent to discovery, to avoid essential unfairness or other interference with the public interest . . . **But even assuming some protective orders may not come to be appropriate, this does not justify a total stay of proceedings**. [Emphasis added.][citation omitted].

*Dellinger* involved a case where there was actual criminal litigation, this case involves nothing more than a false representation that there is an ongoing criminal investigation that does not involve defendant District of Columbia. The fact that this Court's ruling is at odds with the view of the Court of Appeals for this Circuit is glaring. The applicable law was most recently discussed in *Feld Entertainment, Inc. v. American Society for the Prevention of Cruelty of Animals*, 2007 U.S. Dist. Lexis 82367 (Civ. Action No. 07-1532 (EGS)) at 4.

> In determining whether to grant a stay, "the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side. This is best done by the exercise of judgment, which must weigh competing interests and maintain an even balance.

Inasmuch as this Court never convened a hearing and granted defendant's motion in a "minute order," no weighing or balancing could have taken place in this case. Indeed, had this Court convened a hearing it would have discovered that the plaintiffs were right in that both of the involved officers have already given two statements: one written and one oral; it would have also discovered that a preliminary report regarding the shooting has already been completed; and it would have also discovered that Ronald Harris has no personal knowledge whatsoever that a grand jury investigation is taking place.

In addition, had the Court balanced the interests of the parties, it would have been constrained to find that under the law, the District of Columbia, an entity that is not the subject of a criminal

investigation or criminal prosecution, is not entitled to a stay of proceedings on the basis that other defendants to this litigation are. The Court would have been further constrained to find that a criminal investigation involving Officers Haskel and Clay, even if it did exist, has nothing whatsoever to do with a lawsuit concerning the District of Columbia's alleged liability under 42 U.S.C. § 1983 as set forth in paragraphs 45 and 46 of plaintiffs' complaint. As such, the District of Columbia cannot and this Court could not find that a clear case of hardship or inequity in going forward has been set forth.

> As has been made abundantly clear,
>
> the initial burden must be on the defendant applying for a stay to demonstrate a need, however slight, which justifies a delay in the proceedings . . . Only after the applicant for a stay has carried this initial burden must the court balance the competing interests of the parties.

*Dellinger*, *supra*, at 442 F.2d 752; *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 193 (D.D.C. 2003). The District of Columbia has done nothing more than make false representations to this Court that a grand jury investigation is going on, when it is not, and attempt to place the burden on the plaintiffs to refute that "granting the stay would protect the Defendant police officers from prejudice that could result from overlapping criminal and civil proceedings, prevent the necessity of the parties moving forward without having complete access to relevant information, prevent compromise of the criminal investigation, enhance judicial economy and protect the public interest." Reply at 3. According to the D.C. Circuit, the District has it all wrong. Just because it says something, the burden is not shifted to the plaintiff. The moving party has the burden of demonstrating hardship and/or inequity. *Dellinger*, *supra*, *Colkitt*, *supra*, *Feld*, *supra*. Saying that something is so is a lot different than demonstrating that something is so. And with regard to the

District's position that police officers that it does not even represent would be protected from prejudice that **could** result from overlapping criminal and civil proceedings, this Court has opined thusly in a similar situation:

> this is not a case in which the plaintiff has brought suit solely to obtain evidence for a criminal prosecution. The Commission has a duty to protect investors and is proceeding in good faith to carry out that duty. Therefore, t**he Court will not thwart plaintiff's efforts on the mere assertion by defendant that it may at some future time be injured. "No immediate harm will result from allowing this case to go forward and any danger which develops in the future can be prevented at that time**." [Emphasis added][citations omitted].

*Securities & Exchange Commission v. United Brands Company*, Fed.Sec.L.Rep. (CCH) P95, 263 at 5-6. (D.D.C. 1975).

So too is this case not one in which the plaintiff has brought suit to obtain evidence for a criminal prosecution. The plaintiffs, the parents of the murdered child, are proceeding in good-faith to carry out their duties as parents, to obtain justice for their child. To date, this Court has all but ignored their interests for the benefit of the District of Columbia. That is not fair, it is not just and most importantly, it is entirely inconsistent with well-established law. A child is dead. Shot in the back of the head by a man whose identity is known. The District has fully investigated the facts and circumstances surrounding that shooting. They refuse to share any information with these parents regarding the death of their child. It is not insignificant that there has never been a prosecution of a police officer in the District of Columbia for the shooting related death of a civilian.

Yet, the District has convinced this Court to stay this matter pending the outcome of a non-existent grand-jury investigation. Under the law, this Court needs more than the false and unsupported allegations of the District of Columbia to deny the parents of a murdered child their chance at justice in the only way in which they can obtain a semblance thereof. Because the District

never demonstrated hardship or inequity; because the Court never required the District to demonstrate hardship or inequity before staying all proceedings; and most importantly because a stay of all proceedings particularly insofar as it relates to a defendant who is not subject to criminal prosecution is well-established as an abuse of discretion, this Court should reconsider its Amended Minute Order of January 3, 2008, and at the very least convene a hearing in this matter to decipher fact from fiction.

Wherefore for the reasons set forth herein and in the record of this proceeding, it is respectfully requested that the Court reconsider its entry of a Minute Order in this case staying all proceedings.

### CERTIFICATION OF COUNSEL

Prior to filing this motion, undersigned counsel discussed the motion with counsel for the District, David Jackson, and he advised that the District does not consent to the relief requested herein.

Respectfully submitted,

Gregory L. Lattimer [371926]
1100 H Street, N.W.
Suite 920
Washington, D.C. 20005
(202) 638-0095
Attorney for the Plaintiffs