UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RAWLINGS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 07-001914 (PLF) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**DISTRICT OF COLUMBIA'S BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION OF
THE COURT'S AMENDED MINUTE ORDER OF JANUARY 3, 2008**

Defendant, District of Columbia, by and through counsel, files this opposition to Plaintiffs' Motion for Reconsideration of this Court's Order of January 3, 2008, stating:

Plaintiffs' opposition asserts that the District failed to demonstrate a basis for a stay of the proceedings and that a stay would not advance the cause of justice for the Plaintiffs. This Court, by virtue of its Minute Order of January 3, 2008 ("Minute Order"), determined that the District was entitled to a stay of proceedings. Plaintiff filed the instant motion for reconsideration of the Minute Order asserting that the Court, in granting the District's motion, "did not even [attempt] to balance the competing interests of the parties." See *Motion for Reconsideration* Page 1. Further, Plaintiff contends that "inasmuch as this Court never convened a hearing and granted defendant's motion in a 'minute order,' no weighing or balancing could have taken place in this case." See *Motion for Reconsideration* Page 2. Both contentions lack merit. The pending criminal investigation by the United States Attorney's Office into the actions of the defendant officers and any potential subsequent criminal proceedings mandate a stay of this action.

1

**I.      This Court properly granted a Stay of Proceedings in this case.**

In their motion for reconsideration, Plaintiffs have asserted that this Court failed to balance the competing interests of the parties, an assumption apparently based upon the fact that if the Court had balanced the interests, it would not have ruled against them. In support of the motion, Plaintiffs cite *Dellinger v. Mitchell*, 442 F.2d 782 (D.C. Cir. 1971). Plaintiff affirmatively quotes the *Dellinger* court's pronouncement that:

> A court has inherent power to stay proceedings in control of its docket, -- after balancing the competing interests. The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, *if there is even a fair possibility that the stay for which he prays will work damage to some one else.* Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. [emphasis added].

Plaintiff cites *Dellinger* for the proposition that the court must balance the interests of the parties before granting a stay. However, *Dellinger* also requires a showing that the imposition of a stay would damage another party to the litigation. The District has met its burden in demonstrating the need for a stay of these proceedings, i.e. 1) the individual police officer defendants are being investigated by the USAO for their actions during the very incident which forms the basis of the instant civil matter; 2) the police officers cannot defend themselves from plaintiffs' claims without describing their actions during the incident in question; 3) in so doing, their statements could be used against them in a criminal investigation or proceeding thus causing them irreparable harm. While the District is not a criminal defendant, its defense in this matter may be wholly dependent on that of the individual defendants. If they cannot defend themselves, then the District is bereft of a defense as well.

By contrast, Plaintiffs have not shown that their case would be harmed in any way by the

stay.  Plaintiff's motion for reconsideration advances no new allegation of harm other than to allege that the parents are being denied justice.  Plaintiff's previously filed opposition to the District's motion for stay indicated that they are stymied in their quest for leads; hamstrung by their inability to examine and assess the physical evidence; and unable to make inquiries of witnesses when things are fresh in their minds, based upon the physical evidence gathered. See *Plaintiff's Opposition to the District's Motion to Stay* page 8.  Plaintiffs have advanced no facts to support any of these claims of prejudice.  Moreover, these claims appear disingenuous.  According to several quotes in area newspapers and other media outlets, counsel to the Plaintiffs began his investigation months ago, just weeks after the incident referred to in the complaint[1].  It was only three weeks after the occurrence when Plaintiffs' counsel indicated that he had interviewed dozens of witnesses who were at the scene of the shooting[2].  Obviously, counsel's investigation in this case, which began not long after the occurrence, belies his assertion that Plaintiffs' are unable to make inquiries of witnesses.  In order to justify the denial of a stay of a civil matter notwithstanding an on-going criminal investigation Plaintiffs must show that some harm may befall their case.  The case law requires a showing of need by the party seeking a stay and a balancing of that need with the injury to the party being stayed. *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936); *Dellinger v. Mitchell*, 442 F.2d

---

1 "*Medical Records Show D.C. Teen Was Shot From Behind*" Washington Afro American, October 8, 2007, http://news.newamericamedia.org/news/view_article.html?article_id=9058b101855b9bd8019a1e4c692be9e4
"*Rawlings Family Sues District, Police*" ABC 7 News, Wednesday October 10, 2007
http://www.wjla.com/news/stories/1007/462784.html
"*SE Shooting Suspect May Be Witness To DeOnte Rawlings Death*" NBC4.com October 17, 2007,
http://www.nbc4.com/news/14364137/detail.html?dl=headlineclick
"*Teen Claims Rawlings Shot at Police*" WTOP News October 18, 2007,
http://www.wtopnews.com/?sid=1271779&nid=25
"*Teenager Killed by off-duty police Officer Had Fired 2 Shots*" Examiner.com October 18, 2007,
http://www.examiner.com/a-995885~Source__Teenager_killed_by_off_duty_police_officer_had_fired_2_shots.html
"*Assault Suspect Says He Saw DeOnte's Shooting*" Washington Post Friday October 19, 2007, B04.

782, 787 (D.C. Cir. 1971). While this is a very serious case which concerns the death of Plaintiffs' son, it is ultimately a lawsuit for money damages. A stay will not prejudice the Plaintiffs because this matter was recently filed, it concerns recent events, and the proceedings will likely be stayed for only a short time – the Minute Order expires in less than a month. Thus, the Plaintiff's motion for reconsideration should be denied.

**II.     Issuing a protective order allowing discovery to proceed will not cure the need for a stay.**

The issuance of a protective order in this case allowing discovery to proceed would not cure the necessity of a stay. The officers involved in the incident underlying Plaintiffs' complaint are the subject of a criminal investigation. Since the investigation by the USAO is still pending, an indictment remains a possibility. The USAO is investigating the very allegations advanced in Plaintiffs' complaint. Pursuant to the 2001 Memorandum of Agreement between the U.S. Department of Justice and the District of Columbia (MOA), the District cannot require an officer to speak about the incident if the U.S. Attorney's Office has not issued a written criminal declination, a condition which has not been met in the instant case. The Officers face what the court in *United States v. Kordel*, 397 U.S. 1, 9 (1970) called a "real and appreciable risk of self-incrimination" by having to participate in the discovery process. Without the Defendant officers' participation, the District will be prevented from effectively defending this case. The District is constrained in that it cannot interview the individual officers, complete its internal investigation of the officers' alleged misconduct, or properly answer the complaint, until *at least* the conclusion of the criminal investigation.

---

2 "*Rawlings Family Sues District, Police*" ABC 7 News, Wednesday October 10, 2007

**Conclusion**

WHEREFORE, for the foregoing reasons, and the entire record in this case, defendants are entitled to a stay of proceedings.

<div style="margin-left: 3em;">

Respectfully submitted,

PETER NICKELS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

\s\ Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, General Litigation Sec. I


_____
NICOLE L. LYNCH [471953]
Chief, General Litigation Sec. II


\s\ Darrell Chambers
DARRELL CHAMBERS[3]
DAVID A. JACKSON [471535]
LUCY PITTMAN [#483416]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C. 20001
Direct Line: 202-724-6539
Facsimile: 202-727-3625
E-mail: darrell.chambers@dc.gov

</div>

---

http://www.wjla.com/news/stories/1007/462784.html
3 Pursuant to the Local Rules of the United States District Court for the District of Columbia, Darrell Chambers has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

**CERTIFICATE OF SERVICE**

This certifies that on the 30th day of January, 2008, a true and correct copy of the foregoing, the ***Di****strict of Columbia's Brief in Opposition to Plaintiff's Motion **for Reconsideration of the Court's mended Minute Order of January 3, 2008*** was sent electronically to:

Gregory Lattimer, Esquire
Law Offices of Gregory L. Lattimer, PLLC
1100 H. Street, NW Suite 920
Washington, DC 20005
Attorney for Plaintiffs

                                          /S/   Darrell Chambers
                                          DARRELL CHAMBERS