UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES RAWLINGS, *et al.*, | * | |
| Plaintiffs, | * | |
| vs. | | Civil Action No. 07-001914 (PLF) |
| | * | |
| THE DISTRICT OF COLUMBIA, et al., | * | |
| | * | |
| Defendants. | | |
| | * | |

## LOCAL CIVIL RULE 16.3 STATEMENT

Pursuant to LCvR 16.3(d), the parties hereby submit their joint report, which outlines the parties' position with respect to the fourteen (14) enumerated matters set forth in LCvR 16.3(c) and the Court's Standing Order for Initial Scheduling Conference, and their proposed scheduling order. In conformity with LCvR 16.3(a), plaintiffs' counsel and defendants' counsels met telephonically, and conferred on all relevant matters. As a result of that meeting, the parties submit the following joint report:

## STATEMENT OF THE CASE

This is a civil action which arose from the shooting death of DeOnte Rawlings. The plaintiffs allege that the decedent was assaulted and unlawfully seized when he was shot by the defendants. Without waiving any defenses available under the Federal Rules of Civil Procedure or otherwise, the defendants deny any wrongdoing in the death of DeOnte Rawlings and otherwise deny any and all liability arising therefrom.

## LCvR 16.3(c) MATTERS DISCUSSED BY THE PARTIES

1. The parties agree that it is unlikely that this matter will be disposed of in its

entirety by dispositive motion.

2.    It is not anticipated that the plaintiffs will amend their pleadings or join additional parties. However, such action, if taken, shall be done within forty-five days of the Court's scheduling order. The parties agree that the defendants shall file their response to the complaint within thirty (30) days of the Court's scheduling order. The defendants reserve the right to amend their answer.

3.    The parties agree that this matter should be assigned to Magistrate Judge Alan Kay for purposes of discovery.

4.    There have been no settlement discussions between the parties.

5.    The plaintiffs are of the belief that this case would significantly benefit from ADR at this time. Defendants would be amenable to a 60 day mediation period after the close of discovery.

6.    The defendants may file motion(s) for summary judgment or other dispositive motion(s) within thirty (30) day of the close of discovery; oppositions will be due fifteen (15) days after dispositive motions are filed; and, replies due ten (10) days after oppositions are filed. With respect to any such motion, the parties request a hearing.

7.    The parties submit that the initial disclosure provisions of Fed. R. Civ. P. 26(a)(1) shall not apply in this case.

8.    The parties propose that discovery proceed for a period of one hundred and eighty (180) days, and that fifteen (15) depositions per side and sixty (60) interrogatory questions per side be allowed.

9.    The parties submit that there should be a modification of Rule 26(a)(2), to allow for plaintiffs' expert(s) to be named seventy-five (75) days after entry of a scheduling order in

this case. Defendants would then name their expert(s) forty-five (45) days thereafter and all expert depositions would be concluded by the close of the discovery period.

    10.    Not Applicable.

    11.    The plaintiffs do not believe that discovery in this case should be bifurcated or managed in phases. Defendants believe that at this time it it to soon to determine if discovery and/or trial should be bifurcated.

    12.    The plaintiffs propose that a pretrial conference be set for no sooner than thirty (30) days after the close of all discovery or ruling on any dispositive motions filed by defendants after the close of discovery. The defendants propose that within thirty (30) days after ruling on disposoitve motions the Court set a status conference at which time the final pretrial conference.

    13.    The plaintiffs propose that a firm trial date in January, 2009 be scheduled for this matter, whereas the defendant proposes that a trial date be scheduled at the pretrial conference in this matter. Defendants propose that the trial date be set at the status conference referred to in No. 12, above.

    14.    Within ten (10) days after entry of the scheduling order the parties will file a joint motion for a protective order.

    Respectfully submitted,

/s/Gregory L. Lattimer/s/
GREGORY L. LATTIMER, [371926]
1100 H Street, N.W.
Suite 920
Washington, D.C. 20005
Tel. (202) 638-0095
Attorney for the Plaintiff

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the
        District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        /s/ Samuel C. Kaplan/S/_____
        SAMUEL C. KAPLAN (463350)
        Assistant Deputy Attorney General

        /s/ Kimberly M. Johnson/S/_____
        KIMBERLY M. JOHNSON [435163]
        Chief, General Litigation Sec. I

        /s/David A. Jackson/s/_____
        DAVID A. JACKSON [471535]
        Assistant Attorney General
        DARRELL CHAMBERS[1]
        Assistant Attorney General
        LUCY PITTMAN [#483416]
        Assistant Attorney General
        Office of the Attorney General
        441 Fourth Street, NW, 6 South
        Washington, D.C.  20001
        Direct Line: (202) 724-6618
        Facsimile: (202) 727-3625
        E-mail:  davida.jackson@dc.gov

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Darrell Chambers has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.