UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RAWLINGS, *et al.*, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 07-001914 (PLF) ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) |
| Defendants. | ) ) ) |

**DEFENDANT DISTRICT OF COULMBIA'S
ANSWER TO THE COMPLAINT**

The Defendant District of Columbia ("the District"), by and through the Office of the Attorney General, answers the complaint in like numbered paragraphs.

**FIRST DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

**<u>INTRODUCTION</u>**

1. The District admits that Plaintiff seeks money damages against the defendants pursuant to 42 U.S.C. § 1983 but denies the remainder of paragraph 1, including but not limited to the allegation that plaintiffs or plaintiffs' decedent were deprived of any rights secured under the Constitution and laws of the United States and the District of Columbia.

2. The District admits that this civil action seeks damages for alleged intentional wrongdoing and acts of alleged negligence under common law, but the District denies that plaintiffs are entitle to recover from the District any money damages or any other relief through

this civil action.

## JURISDICTION

3. The District denies that jurisdiction exists in this case pursuant to the Fifth Amendment. The District recognizes the remaining source of law and the statutes cited in paragraph 3 but does not admit that jurisdiction is necessarily conferred thereby.

4. The District admits that on October 24, 2007, the District of Columbia Office of Risk Management received a letter on behalf of plaintiffs that purports to be notice under DC Code § 12-309. To the extend that plaintiffs claim that the October 24, 2007 letter meets the requirements of DC Code § 12-309, such claim is a legal conclusion and therefore, no response is required.

## PARTIES

5. The District has insufficient information to admit or deny the allegations contained in paragraph 5 of the complaint.

6. The District has insufficient information to admit or deny the allegations contained in paragraph 6 of the complaint.

7. The District admits the allegations contained in paragraph 7 of the complaint.

8. The District admits the allegations contained in paragraph 8 of the complaint.

9. The District admits the allegations contained in paragraph 9 of the complaint.

## FACTS

10. The District admits the allegations contained in paragraph 10 of the complaint.

11. The District has insufficient information to admit or deny the allegations contained in paragraph 11 of the complaint.

12. The District admits that decedent DeOnte Rawlings was 14 years old. The District has insufficient information to admit or deny the remaining allegations contained in paragraph 12 of the complaint.

13. The District denies the allegations contained in paragraph 13 of the complaint, except that the District lacks knowledge as to any discussions between the defendant police officers.

14. The District denies the allegations contained in paragraph 14 of the complaint.

15. The District admits that DeOnte Rawlings died as a result of a gunshot to the back of his head. The District has insufficient information to admit or deny the remaining allegations contained in paragraph 15 of the complaint.

16. The District denies the allegations contained in paragraph 16 of the complaint.

17. The District denies the allegations contained in paragraph 17 of the complaint.

18. The District has insufficient information to admit or deny the allegations contained in paragraph 18 of the complaint.

19. The District admits the allegations contained in paragraph 19 of the complaint.

## COUNT I
### (Survival Act)

20. The District repeats and re-alleges each of its answers to paragraphs 1 through 19 as if fully incorporated herein.

21. Paragraph 21 contains conclusions of law and, therefore, no response is required. To the extent that an answer is required, the District denies the allegations in this paragraph, except the District admits that plaintiffs demand all recoverable damages, but denied that

plaintiffs are entitled to recover any damages or that they are otherwise entitled to any relief.

## COUNT II
### (Wrongful Death)

22.  The District repeats and re-alleges each of its answers to paragraphs 1 through 21 as if fully incorporated herein.

23.  Paragraph 23 contains conclusions of law and, therefore, no response is required. To the extent that an answer is required, the District denies the allegations in this paragraph.

24.  The District denies the allegations contained in paragraph 24 of the complaint.

## COUNT III
### (Negligence)

25.  The District repeats and re-alleges each of its answers to paragraphs 1 through 24s if fully incorporated herein.

26.  Paragraph 21 contains conclusions of law and, therefore, no response is required. To the extent that an answer is required, the District denies any wrongdoing.

27.  The District denies the allegations contained in paragraph 27 of the complaint.

28.  The District denies the allegations contained in paragraph 28 of the complaint.

29.  The District denies the allegations contained in paragraph 29 of the complaint.

## COUNT IV
### (Assault and Battery)

30.  Defendant District of Columbia repeats and re-alleges each of its answers to paragraphs 1 through 29 as if fully incorporated herein.

31.  The District denies the allegations contained in paragraph 31 of the complaint.

32.  The District denies the allegations contained in paragraph 32 of the complaint.

## COUNT V
### (Deprivation of Civil Rights, 42 U.S.C. § 1983)

33. The District repeats and re-alleges each of its answers to paragraphs 1 through 32 as if fully incorporated herein.

34. The District denies the allegations contained in paragraph 34 of the complaint..

35. The District denies the allegations contained in paragraph 35 of the complaint.

## COUNT VI
### (Civil Conspiracy)

36. The District repeats and re-alleges each of its answers to paragraphs 1 through 35 as if fully incorporated herein.

37. The District denies the allegations contained in paragraph 37 of the complaint.

38. The District denies the allegations contained in paragraph 38 of the complaint.

39. The District denies the allegations contained in paragraph 39 of the complaint.

40. The District has insufficient information to admit or deny the allegations contained in paragraph 40 of the complaint.

41. The District denies the allegations contained in paragraph 41of the complaint.

42. The District denies the allegations contained in paragraph 42 of the complaint.

## COUNT VI
### (Negligent Training and Supervision, 42 U.S.C. § 1983)

43. The District repeats and re-alleges each of its answers to paragraphs 1 through 42 as if fully incorporated herein.

44. The District denies the allegations contained in paragraph 44 of the complaint.

45. The District denies the allegations contained in paragraph 45 of the complaint.

46. The District denies the allegations contained in paragraph 46 of the complaint.

47. The District denies the allegations contained in paragraph 46 of the complaint.

### THIRD DEFENSE

Further answering the complaint, the District denies all allegations not specifically admitted or otherwise answered, including but not limited to allegations of assault and battery, excessive force, deprivation of constitutional and civil rights, deliberate indifference, negligence and negligent training and supervision.

### FOURTH DEFENSE

Any actions taken by the District's agents, employees and/or servants, relating to plaintiffs, were necessary and reasonable under the circumstance and carried out pursuant to lawful authority.

### FIFTH DEFENSE

If plaintiffs were injured or damaged as alleged, such injuries were the result of DeOnte Rawlings's own intentional, illegal, negligent or otherwise wrongful conduct.

### SIXTH DEFENSE

The District denies it is liable for any wrongful conduct in connection with the events described in this complaint.

### SEVENTH DEFENSE

If plaintiffs were injured and damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than the District, its employees, agents and servants acting within the scope of their employment.

## EIGHTH DEFENSE

Plaintiff may have failed to fully comply with the mandatory notice requirements of D. C. Code Section 12-309 (2001).

## NINTH DEFENSE

Plaintiffs may have failed to mitigate their damages.

## TENTH DEFENSE

The action may be barred by the statute of limitations.

## ELEVENTH DEFENSE

The District asserts immunity, absence of bad faith and absence of gross negligence.

## TWELFTH DEFENSE

The action may be barred by issue or claim preclusion.

## THIRTEENTH DEFENSE

District employees were acting in self-defense.

## SET-OFF

The District asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of plaintiffs, including but not limited to unpaid taxes, health and hospital care, the cost of any care or treatment of plaintiffs rendered or paid for by the District through any means, including Medicare, Medicaid, AFDC, GPF or any other benefit.

## JURY DEMAND

The District hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

SAMUEL C. KAPLAN [463350]
Assistant Deputy Attorney General

/s/David A. Jackson/s/_____
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov \