**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHARLES RAWLINGS, individually and as the Co-Personal Representative of the Estate of DeOnte Rawlings 3916 Cole Blvd., S.E. Washington, D.C.  20032 | ) ) ) ) ) ) | |
| and | ) ) | |
| LORETTA HALL, individually and as the Co-Personal Representative of the Estate of DeOnte Rawlings 2230 Savammah Terrace, S.E. Washington, D.C.  20020 | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.  07-001914 (PLF) |
| v. | ) ) | |
| DISTRICT OF COLUMBIA, | ) ) | |
| and | ) ) | |
| OFFICER JAMES HASKEL 300 Indiana Avenue, N.W. Washington, D.C.  20001 | ) ) ) ) | |
| and | ) ) | |
| OFFICER ANTHONY CLAY 300 Indiana Avenue, N.W. Washington, D.C.  20001 | ) ) ) ) | |
| Defendants. | ) ) ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ANTHONY CLAY**

Defendant Anthony Clay, by and through undersigned counsel, hereby responses to the complaint herein as follows:

## INTRODUCTION[1]

1.      Defendant admits the existence of the statutory authority cited in paragraph 1 of the complaint, but the remaining allegations require a legal conclusion and as such, a response is not required, however, if a response is required the allegations are denied.

2.      The allegations in paragraph 2 of the complaint are conclusions of the pleader and as such, a response is not required, however, if a response is required the allegations are denied.

## JURISDICTION

3.      Defendant admits the existence of the constitutional and statutory authority cited in paragraph 3 of the complaint, but the remaining allegations regarding jurisdiction are legal conclusions and as such, a response is not required; however, if a response is required the allegations are denied.

4.      The allegations in paragraph 4 of the complaint are not directed at this Defendant and therefore no response is required and none is given.

## PARTIES

5.      Defendant does not have sufficient personal knowledge to admit or deny the allegations in paragraph 5 of the complaint.

6.      Defendant does not have sufficient personal knowledge to admit or deny the allegations in paragraph 6 of the complaint.

7.      The allegations in paragraph 7 of the complaint are not directed at this Defendant and therefore no response is required and none is given.

8.      The allegations in paragraph 8 of the complaint are not directed at this Defendant and therefore no response is required and none is given.

---

[1] For convenience and clarity, Defendant adopts the headings and paragraph numbers from the complaint.

2

9.      Defendant admits that he is a police officer with the Metropolitan Police Department.

## STATEMENT OF FACTS

10.     Defendant admits the allegation in paragraph 10 of the complaint.

11.     Defendant admits that he encountered DeOnte Rawlings at or near the location alleged in paragraph 11 of the complaint and that Defendant was off-duty at that time.

12.     The allegations in paragraph 12 of the complaint are not directed at this Defendant and therefore no response is required and none is given.

13.     Defendant denies the allegations in paragraph 13 of the complaint.

14.     Defendant denies the allegations in paragraph 14 of the complaint.

15.     Defendant admits that he did not identify himself as a police officer to DeOnte Rawlings and Defendant's badge was not displayed.  The remaining allegations in paragraph 15 of the complaint are denied.

16.     Defendant denies the allegations in paragraph 16 of the complaint.

17.     Defendant denies the allegations in paragraph 17 of the complaint.

18.     Defendant admits the allegation in paragraph 18 of the complaint.

19.     The allegations in paragraph 19 of the complaint are not directed at this Defendant and therefore no response is required and none is given.

## COUNT I
### (Survival Act)

20.     Defendant adopts and incorporates by reference each and every response and defense contained in paragraphs 1 through 19 of this answer as if fully set forth herein.

21.     The allegations in paragraph 21 of the complaint are legal conclusions and as such, a response is not required; however, if a response is required the allegations are denied.

**COUNT II**
**(Wrongful Death)**

22.     Defendant adopts and incorporates by reference each and every response and defense contained in paragraphs 1 through 19 of this answer as if fully set forth herein.

23.     The allegations in paragraph 23 of the complaint are legal conclusions and as such, a response is not required; however, if a response is required the allegations are denied.

24.     The allegations in paragraph 24 of the complaint are legal conclusions and as such, a response is not required; however, if a response is required the allegations are denied.

**COUNT III**
**(Negligence)**

25.     Defendant adopts and incorporates by reference each and every response and defense contained in paragraphs 1 through 19 of this answer as if fully set forth herein.

26.     The allegations in paragraph 26 of the complaint are legal conclusions and as such, a response is not required.

27.     Defendant denies the allegations in paragraph 27 of the complaint.

28.     The allegations in paragraph 28 of the complaint are not directed at this Defendant and therefore no response is required and none is given.

29.     The allegations in paragraph 29 of the complaint are legal conclusions and as such, a response is not required; however, if a response is required the allegations are denied.

**COUNT IV**
**(Assault & Battery)**

30-32.  The allegations in paragraphs 30 through 32 of the complaint are subject to the Defendants' Partial Motion for Summary Judgment filed on June 23, 2008.

## COUNT V
### (Deprivation of Civil Rights, 42 U.S.C. § 1983)

33-35.   The allegations in paragraphs 33 through 35 of the complaint are not directed at this Defendant and therefore no response is required and none is given.

## COUNT VI
### (Civil Conspiracy)

36-42.  The allegations in paragraphs 36 through 42 of the complaint are subject to the Defendants' Partial Motion for Summary Judgment filed on June 23, 2008.

## COUNT VII
### (Negligent Training and Supervision, 42 U.S.C. § 1983)

43-47.  The allegations in paragraphs 43 through 47 of the complaint are not directed at this Defendant and therefore no response is required and none is given.

Any allegations in the complaint not expressly admitted by Defendant are hereby denied.

## AFFIRMATIVE DEFENSES

Defendant Anthony Clay asserts the following affirmative defenses in order to preserve his rights under the Rules of this Court, based upon limited information available to him at the time of the filing of this pleading:

## FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### THIRD DEFENSE

If Plaintiffs were injured or damaged as alleged, such injuries were the result of Plaintiffs' decedent's own intentional, illegal or otherwise wrongful conduct.

### FOURTH DEFENSE

If Plaintiffs were injured and damaged as alleged in the complaint, such injuries and damages were the result of Plaintiffs' decedent's own sole or contributory negligence and/or his assumption of the risk.

### FIFTH DEFENSE

If Plaintiffs were injured and damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than this Defendant.

### SIXTH DEFENSE

If Plaintiffs were injured or otherwise damaged as alleged in the complaint, such injuries and/or damages were the result of the Plaintiffs' decedent's sole, joint, or concurring negligence with a person or persons other than this Defendant.

### SEVENTH DEFENSE

Plaintiffs' damages, if any, are the result of an intervening, and/or superseding and/or supervening cause(s) for which this Defendant is not responsible.

### EIGHTH DEFENSE

All actions performed by this Defendant met or exceeded the applicable standard of care.

### NINTH DEFENSE

Plaintiffs may have failed to mitigate their damages.

**TENTH DEFENSE**

Defendant asserts immunity, qualified immunity, absence of bad faith, and absence of gross negligence.

**ELEVENTH DEFENSE**

All actions taken toward Plaintiffs' decedent by this Defendant were taken in self defense and/or in defense of others or was reasonably necessary to protect the safety of others.

**TWELFTH DEFENSE**

The actions taken toward the Plaintiffs' decedent by this Defendant were only such actions as were reasonable, lawful, and/or necessary under the circumstances.

**THIRTEENTH DEFENSE**

The action may be barred by the statute of limitations.

**FOURTEENTH DEFENSE**

The action may be barred by issue or claim preclusion, or not yet have accrued.

**JURY DEMAND**

Defendant hereby requests a trial by jury on all issues so triable.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Kimberly M. Johnson
KIMBERLY MATTHEWS JOHNSON [435163]
Chief, General Litigation Section I

/s/ Lucy Pittman
LUCY PITTMAN [483416]

DARRELL CHAMBERS[2]
Assistant Attorneys General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-9891 (phone)
(202) 730-1436 (fax)
Dated: June 23, 2008        lucy.pittman@dc.gov

---

[2] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Darrell Chambers has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.