**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CHARLES RAWLINGS, et al.,     )
                             )
          Plaintiffs,     )
                             )     Civil Action No.  07-001914 (PLF)
          v.             )
                             )
DISTRICT OF COLUMBIA et al.,     )
                             )
          Defendants.     )
_____)

**DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT**

       Defendants Officer Anthony Clay and Officer James Haskel, by and through undersigned

counsel and pursuant to Fed. R. Civ. P. 56(c), move this Honorable Court to enter partial

judgment in their favor.  The grounds for this motion are set forth in the accompanying

memorandum of points and authorities, incorporated herein by reference.  A statement of

undisputed facts and proposed order are attached hereto.  Because this is a dispositive motion,

the Defendants are not required to seek Plaintiffs' consent pursuant to LCvR 7(m).

                     Respectfully submitted,

                     PETER J. NICKLES
                     Interim Attorney General for the District of Columbia

                     GEORGE C. VALENTINE
                     Deputy Attorney General
                     Civil Litigation Division

                     /s/ Kimberly M. Johnson
                     KIMBERLY MATTHEWS JOHNSON [435163]
                     Chief, General Litigation Section I

                     /s/ Lucy Pittman
                     LUCY PITTMAN [483416]

DARRELL CHAMBERS[1]
Assistant Attorneys General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-9891 (phone)
(202) 730-1436 (fax)
lucy.pittman@dc.gov

Dated: June 23, 2008

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Darrell Chambers has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CHARLES RAWLINGS, et al.,              )
                                       )
              Plaintiffs,              )
                                       )        Civil Action No.  07-001914 (PLF)
       v.                              )
                                       )
DISTRICT OF COLUMBIA et al.,           )
                                       )
              Defendants.              )
_____)

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.     On September 17, 2007, Officers Haskel and Clay encountered DeOnte Rawlings at or near the 600 block of Atlantic Street, S.E., Washington, D.C.  (Exhibits A-B, Complaint, ¶ 11).

2.     DeOnte Rawlings was operating Officer Haskel's mini-bike at the time.  (Exhibit B).

3.     DeOnte Rawlings got off the mini-bike and faced Officer Haskel; Officer Haskel was in the driver's seat of his truck.  (Exhibits A-B).

4.     DeOnte Rawlings retrieved his gun from his front right pocket.  (Exhibits A-B).

5.     DeOnte Rawlings began firing his weapon at Officer Haskel while running.  (Exhibits A-B).

6.     Officer Haskel, using his service weapon, returned fire.  (Exhibit B).

7.     DeOnte Rawlings continued to fire his weapon while running and Officer Haskel returned fire.  (Exhibits A-B).

8.     DeOnte Rawlings was struck in the back of the head with a bullet, resulting in his death.  (Complaint, ¶ 15).

9.    Officer Clay did not discharge his weapon at any time during the incident alleged in the complaint.  (Exhibit A).

10.    Officer Clay did not talk to, touch, or have any contact with DeOnte Rawlings during the incident alleged in the complaint. (Exhibit A).

11.    At no time prior to the alleged incident, did Officers Clay and Haskel discuss or agree to commit an unlawful act.  (Exhibits A-B).

12.    Officers Haskel and Clay are police officers with the District of Columbia Metropolitan Police Department.  (Exhibits A-B; Complaint, ¶¶ 8-9).

13.    Officers Clay and Haskel were acting within the scope of their employment as police officers with the Metropolitan Police Department. (Complaint, ¶ 40).

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Kimberly M. Johnson
KIMBERLY MATTHEWS JOHNSON [435163]
Chief, General Litigation Section I

/s/ Lucy Pittman
LUCY PITTMAN [483416]
DARRELL CHAMBERS
Assistant Attorneys General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-9891 (phone)
(202) 730-1436 (fax)
lucy.pittman@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CHARLES RAWLINGS, et al.,    )
        )
    Plaintiffs,    )
        )    Civil Action No.  07-001914 (PLF)
    v.    )
        )
DISTRICT OF COLUMBIA et al.,    )
        )
    Defendants.    )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'**
**PARTIAL MOTION FOR SUMMARY JUDGMENT**

Officers Anthony Clay and James Haskel, by and through undersigned counsel, hereby move this Honorable Court to grant partial summary judgment because:

1. the allegations set forth in Count IV (¶¶ 30-32) of the complaint that Officer Clay assaulted and battered DeOnte Rawlings are substantively without merit;

2. Officer Haskel is entitled to qualified immunity for the allegations that he deprived DeOnte Rawlings of his civil rights, set forth in Count V (¶¶ 33-35) of the complaint; and

3. the allegations set forth in Count VI (¶¶ 36-42) of the complaint, that Officers Clay and Haskel engaged in an unlawful conspiracy, are legally without merit.

**STATEMENT OF FACTS**

On September 17, 2007, Officers Haskel and Clay encountered DeOnte Rawlings at or near the 600 block of Atlantic Street, S.E., Washington, D.C.  (Exhibits A-B, Complaint, ¶ 11). When the Officers first observed DeOnte Rawlings, he was operating Officer Haskel's mini-bike.  (Exhibit B).  DeOnte Rawlings got off the mini-bike and faced Officer Haskel, who was in the driver's seat of his truck.  (Exhibits A-B).  DeOnte Rawlings retrieved his gun from his front right pocket and began firing his weapon at Officer Haskel while running away from Officer

Haskel's truck. (Exhibits A-B). Officer Haskel, using his service weapon, returned fire.

(Exhibit B). DeOnte Rawlings continued to fire his weapon while running; Officer Haskel

returned fire and DeOnte Rawlings was fatally hit. (Exhibits A-B; Complaint, ¶ 15).

At no time during the alleged incident did Officer Clay discharge his weapon. (Exhibit

B). In addition, Officer Clay did not talk to, touch, or have any contact with DeOnte Rawlings at

any time during the incident. (Exhibit B). Prior to the alleged incident, Officers Clay and

Haskel did not agree or discuss engaging in unlawful conduct. (Exhibits A-B).

### STANDARD OF REVIEW

Summary judgment must be granted if the moving party demonstrates "that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is

"regarded not as disfavored procedural shortcut, but rather as an integral part" of the overall

scheme of the rules of civil procedure, "which are designed to secure the just, speedy and

inexpensive determination of every action." *Celotex Corp.*, 477 U.S. at 327 (internal quotation

omitted).

The party moving for summary judgment bears the initial responsibility of informing the

trial court of the basis for its motion and identifying those portions of the record, which it

believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477

U.S. at 323; *see also Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1032 (D.C. Cir. 1988). The

moving party has no burden, however, of introducing evidence that negates the nonmovant's

claim. *See Celotex Corp.*, 477 U.S. at 323; *Willoughby*, 863 F.2d at 1032. Instead, where, as

here, the plaintiffs have the burden of proof at trial, the defendants' burden is met by showing

that there is an absence of evidence to support the plaintiffs' case. *See Celotex Corp.*, 477 U.S. at 323.

The court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *See Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). When the moving party has carried its burden, the responsibility then shifts to the nonmoving party to show that there is, in fact, a genuine issue of material fact for trial. *Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 198 (D.C. 1991). A trial court should enter summary judgment against a nonmoving party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

## I.    THERE IS NO GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER OFFICER CLAY COMMITTED AN ASSAULT AND BATTERY UPON DEONTE RAWLINGS

The Plaintiffs cannot establish the elements of assault and battery against Officer Clay. "In the District of Columbia, the tort of assault is 'defined as an intentional and unlawful attempt or threat, either by words or by acts, to do physical harm to the victim.'" *Mazloum v. D.C. Metro. Police Dep't*, 530 F. Supp. 2d 282, 295 (D.D.C. 2008) (*quoting Etheredge v. District of Columbia*, 635 A.2d 908, 916 (D.C. 1993). Battery is defined as "'an intentional act that causes a harmful or offensive bodily contact.'" *Id*.

As set forth in Officer Clay's affidavit, he did not speak to or have any physical contact with DeOnte Rawlings on September 17, 2007. In addition, Officer Clay did not discharge his weapon on September 17, 2007. There is simply no evidence that Officer Clay attempted to threaten to do physical harm to DeOnte Rawlings or that he had any physical contact with

DeOnte Rawlings.  Therefore, he did not, as alleged in Count IV of the complaint, shoot DeOnte Rawlings.  Based on these undisputed facts, the Plaintiffs cannot establish a prima facie case of assault and battery against Officer Clay.  Therefore, Count IV of the complaint against Officer Clay should be dismissed.[2]

## II.     OFFICER HASKEL IS ENTITLED TO QUALIFIED IMMUNITY FOR HIS ACTION

Plaintiffs' §1983 claim cannot prevail because Officer Haskel is entitled to qualified immunity for his actions.  The complaint alleges that Officer Haskel, "in violation of the 4th and 5th Amendments to the Constitution, did on September 17, 2007 commit, allow or cause to be committed, acts which deprived DeOnte Rawlings of his Constitutional rights without affording him due process of law."  (Complaint ¶ 34).  Because Plaintiffs asserted in the complaint that the actions that triggered §1983 is the alleged battery/seizure of the decedent, the Fifth Amendment is inapplicable to this case.[3]  Thus, the following analysis addresses the Fourth Amendment only.

A police officer enjoys a qualified immunity from civil prosecution as long as he reasonably believed his actions comported with established law.  The policy underlying the doctrine of qualified immunity is designed to spare police officers the burden of standing trial when their conduct falls within a range of reasonable judgment, even if mistaken.  *See District of Columbia v. Evans*, 644 A.2d. 1008, 1014-16 (D.C. 1994).  A police officer enjoys a qualified immunity under the law in the performance of his duties, and maintains his cloak of immunity as long as his actions could reasonably have been thought to be consistent with the rights he is

---

[2] The allegations of assault and battery in Count IV of the complaint against *both* Officers Clay and Haskel conflict with the allegations that said alleged assault and battery violated DeOnte Rawlings' civil rights set forth in Count V which are only against Officer Haskel.

[3] *See Albright v. Oliver*, 510 U.S. 266, 273 (1994), ("where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.")

alleged to have violated. *See Anderson v. Creighton*, 483 U.S. 635, 638 (1987); *Evans*, 644 A.2d. at 1014-15. A police officer should prevail on the qualified immunity defense even if he is mistaken as to the need to utilize force, if a reasonable officer could have believed that the action taken was not in violation of clearly established constitutional law. *See Anderson*, 483 U.S. at 641.

Qualified immunity protects all police officers, except those who are plainly incompetent or who knowingly violate the law in the performance of their duties. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001) (*quoting Malley v. Briggs*, 475 U. S. 335, 341 (1986)). Police officers are immune from liability unless the law clearly proscribes the action taken by the officer. *See Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985). Whether a defendant may be found individually liable for alleged malfeasance in contravention of established law turns on a test of objective reasonableness. *See Harlow v. Fitzgerald*, 457 U. S. 800, 818-819 (1982). Further, the reasonableness of a particular act of force "must be judged from the perspective of a reasonable officer on the scene, rather than the 20-20 vision of hindsight." *Etheredge v. District of Columbia*, 635 A.2d 908, 916 (D.C. 1993) (*quoting Graham v. Connor*, 490 U.S. 386, 396-97 (1989)).

More recently in *Brosseau v. Haugen*, the Supreme Court held that a police officer was entitled to qualified immunity, summarily reversing a Court of Appeals' decision to correct its "clear misapprehension of the qualified immunity standard." *Brosseau v. Haugen*, 543 U.S. 194, 198 n.3 (U.S. 2004). The Supreme Court admonished the Court of Appeals for evaluating qualified immunity, in an excessive use of deadly force claim, based simply on the generalized tests set out in *Graham v. Connor*, 490 U.S. 386 (1989) and *Tennessee v. Garner*, 471 U.S. 1 (1985). Instead, to evaluate qualified immunity, a court must determine whether, at the time of the officer's actions, it was "clearly established," in a more "particularized" sense, that the

officer was violating the Fourth Amendment in the "situation he confronted." *Id.* at 199-200, *quoting Saucier v. Katz*, 533 U.S. 194, 201-202 (2001). The Supreme Court specifically defined the "situation confronted" in the case as "whether to shoot a disturbed felon, set on avoiding capture through vehicular flight, when persons in the immediate area are at risk from that flight." *Id.* at 200. Framing the inquiry in this manner, the Supreme Court found that none of the prior cases cited by the plaintiff "squarely governs the case here," concluding that "this area is one in which the result depends very much on the facts of each case." *Id.* at 201. The Supreme Court therefore reversed and held that the officer was entitled to qualified immunity.

Finally, as an example of the level of protection courts give to police officers under qualified immunity, in *Young v. Scales* the District of Columbia Court of Appeals held that an officer who shot an unarmed man in the backside after he had surrendered was entitled to qualified immunity. *Young v. Scales*, 873 A.2d 337 (D.C. 2005). In *Young*, the plaintiff approached a parked car in a dangerous area of the city in which an off-duty MPD officer was seated with his window open. *Id.* at 340, 344. The other occupant of the car was a prostitute that plaintiff knew. *Id.* at 340. Plaintiff spoke to the woman and told her to get out of the car. Then, without speaking another word, plaintiff stabbed the off-duty officer. Nevertheless, the officer was able to get out of the car and chase plaintiff. The officer ordered plaintiff to drop his knife and "stay right there," showing his badge and drawing his pistol. *Id.* Plaintiff complied and dropped his knife. In addition, plaintiff said he was going his way and turned his back to walk away. The officer then shot plaintiff in the backside. *Id.*

In its holding, the Court of Appeals reasoned that the officer had to make a split-second judgment in a rapidly evolving situation. *Id.* at 344. The Court of Appeals stated: "We are not persuaded under these particular circumstances that it was either unreasonable or unnecessary for

Young to fire at Scales to prevent his escape." *Young*, 873 A.2d at 344 (*citing Brosseau v. Haugen*, 543 U.S. 194 (U.S. 2004)).

In this case, just as in *Young*, the actions of Officer Haskel must be viewed from the circumstances that were presented to Officer Haskel that evening. When this incident occurred, Officer Haskel found DeOnte Rawlings driving his stolen mini-bike. In a moment, DeOnte Rawling dropped the bike, pulled a gun out of his pocket, and fired his weapon at Officer Haskel. These facts demonstrate the dangerous situation presented to Officer Haskel. Officer Haskel was faced with a suspect who was using deadly force against him. DeOnte Rawlings' actions were a real threat to Officer Haskel's life and safety. Moreover, these facts show that Officer Haskel was faced with a dangerous suspect who had committed at least two crimes in his presence: carrying a pistol without a license and assault with the intent to kill. *See* D.C. Code §§ 22-4504; 22-401.

Under these circumstances, Officer Haskel, as a police officer, had an undeniable responsibility to take action. Officer Haskel is legally required as a police officer to prevent a dangerous suspect, who committed crimes in his presence, from fleeing the scene. *See* D.C. Code § 5-115.03. As held in *Young*, using force, including deadly force to prevent a suspect from fleeing does not violate a clearly established constitutional right. *Id.* at 344 (holding that "'if the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape . . .'" (*quoting Tennessee v. Garner*, 471 U.S. 1, 12 (1985)).

Moreover, like any private citizen, Officer Haskel had the right to defend himself in the face of a deadly threat. "According to District law, a law enforcement officer (like other

citizens) is entitled to use deadly force when the officer reasonably believes that he or she, or another, is in imminent danger of death or serious bodily harm." *Kirkland v. District of Columbia*, 315 U.S. App. D.C. 68 (D.C. Cir. 1995) (*citing Etheredge v. District of Columbia*, 635 A.2d 908, 916 (D.C. 1993)). Given the deadly threat posed by DeOnte Rawlings, who shot at Officer Haskel, Officer Haskel reasonably believed that his actions were justified and not in violation of clearly established constitutional law. Unlike the suspect in *Young* who dropped his weapon before the officer shot him, DeOnte Rawlings continued to shoot as he ran from Officer Haskel.

When comparing the facts of *Young v. Scales*, Officer Haskel should be entitled to qualified immunity and Count V of the complaint should be dismissed.

### III. THE DISTRICT OF COLUMBIA CANNOT CONSPIRE WITH ITSELF, THEREFORE THE CLAIMS IN COUNT VI OF THE COMPLAINT ARE WITHOUT LEGAL MERIT

In Count VI of the complaint, Plaintiffs claim that Officers Clay and Haskel, acting within the scope of their employment with the Metropolitan Police Department, engaged in an unlawful civil conspiracy to assault and batter DeOnte Rawlings and "did in fact commit an assault and battery upon [DeOnte Rawlings]." (Complaint, ¶ 39).

"A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by an unlawful means." *Graves v. United States*, 961 F.Supp. 314, 320 (D.C.C. 1997) (internal quotation omitted). However, "a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Hilliard v. Fergusan*, 30 F.3d 649, 653 (5th Cir. 1994) (citations omitted). This general rule has been applied in cases against the District of Columbia and its agencies. *See Gladden v. Barry*, 558 F.Supp. 676 (D.D.C. 1983), *see also*

*Michelin v. Jenkins*, 704 F.Supp. 1 (D.D.C. 1989).  In dismissing the Plaintiffs' conspiracy claim in *Gladden*, the court said that "the weight of authority holds that there can be no conspiracy if the conduct complained of is essentially a single act by a single entity."  *Gladden*, 558 F.Supp. at 679.

In the instant case, the Plaintiffs challenged a single action that was caused by a single entity, i.e., Plaintiffs challenge the shooting of their son by agents of the District of Columbia.  Because Plaintiffs' allegations involve the actions of agents of the District of Columbia acting within the scope of their authority, there can be no basis for a cause of action based on conspiracy.  Accordingly, the Plaintiffs cannot establish the elements of civil conspiracy and Count VI of the complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Honorable Court grant partial judgment in their favor.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Kimberly M. Johnson
KIMBERLY MATTHEWS JOHNSON [435163]
Chief, General Litigation Section I

/s/ Lucy Pittman
LUCY PITTMAN [483416]
DARRELL CHAMBERS
Assistant Attorneys General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001

(202) 442-9891 (phone)
(202) 730-1436 (fax)
lucy.pittman@dc.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHARLES RAWLINGS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No.  07-001914 (PLF) |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER**

Upon consideration of the Defendants' Partial Motion for Summary Judgment, the

Memorandum of Points and Authorities in Support thereof and any opposition thereto, the entire

record herein, and it appearing that the relief should be granted, it is hereby:

ORDERED, that the Defendants' Partial Motion for Summary Judgment be, and hereby

is, GRANTED, and it is

FURTHER ORDERED, that Count IV of the Complaint against Officer Clay is hereby

DISMISSED with prejudice, and it is

FURTHER ORDERED, that Count V of the Complaint is hereby DISMISSED with

prejudice, and it is

FURTHER ORDERED, that Count VI of the Complaint is hereby DISMISSED with

prejudice.

SO ORDERED.


DATE: _____                    _____
                                             PAUL L. FRIEDMAN
                                             United States District Judge

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES RAWLINGS, et al.,                )
                                         )
            Plaintiffs,                  )
                                         )        Civil Action No.  07-001914 (PLF)
        v.                               )
                                         )
DISTRICT OF COLUMBIA et al.,             )
                                         )
            Defendants.                  )
                                         )
_____)

## AFFIDAVIT OF ANTHONY CLAY

I, ANTHONY CLAY, swear and affirm that the following is true and accurate to the best

of my knowledge, information and belief:

1.      I am over eighteen years of age and that I am competent to testify to the matters

contained herein based upon personal knowledge.

2.      I am currently a police officer for the Metropolitan Police Department.  I have

been an officer with the Metropolitan Police Department for approximately twenty-one (21)

years.

3.      On September 17, 2007, at approximately 7:00 p.m., I was at or near the 600

block of Atlantic Street, S.E., Washington, D.C.  I was a passenger in the vehicle owned and

driven by Officer James Haskel.  Officer Haskel and I were looking for stolen property when we

encountered an individual whom I later learned was DeOnte Rawlings.  When I first observed

DeOnte Rawlings, he was operating a motorized mini-bike.

4.      Officer Haskel stopped his truck near DeOnte Rawlings.  DeOnte Rawlings got

off the mini-bike and stood facing the driver's side front door of Officer Haskel's truck.

5.    I observed DeOnte Rawlings reach into his right front pocket or waistband and he retrieved an object.  DeOnte Rawlings held the object he retrieved at or near the back of his right leg.

6.    As I exited the vehicle, I heard gunshots.

7.    When I reached the back of the truck, I observed DeOnte Rawlings running as he discharged his weapon.

8.    I retrieved my service weapon but I did not discharge my weapon.

9.    At no time during this incident did I talk to, touch, or otherwise have contact with DeOnte Rawlings.

10.    At no time prior to the encounter with DeOnte Rawlings did Officer Haskel and I discuss or agree to commit an unlawful act.


Dated:  6/18/2008                                        _____
                                                        ANTHONY CLAY

I, _____, a Notary Public in and for the District of Columbia, do hereby certify that, ANTHONY CLAY, whose name is signed to the foregoing Affidavit, bearing the date the _____ day of _____, 2008, personally appeared before me and executed the said Affidavit, and acknowledged the same to be his act and deed.

And the said, ANTHONY CLAY, further made oath that he had carefully read and fully understood the same, and that his execution thereof was voluntary.

Given under my hand and official seal this _____ day of _____,

2008.

_____        My commission expires: _____
NOTARY PUBLIC

2

# Exhibit B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CHARLES RAWLINGS, et al.,               )
                                        )
      Plaintiffs,              )
                                        )       Civil Action No.  07-001914 (PLF)
      v.                       )
                                        )
DISTRICT OF COLUMBIA et al.,            )
                                        )
      Defendants.              )
_____ )

## DECLARATION OF JAMES HASKEL

I, JAMES HASKEL, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1.     I am over eighteen years of age and I am competent to testify to the matters contained herein based upon personal knowledge.

2.     I am currently a police officer for the Metropolitan Police Department.  I have been an officer with the Metropolitan Police Department for approximately twenty-three (23) years.

3.     On September 17, 2007, at approximately 7:00 p.m., I was at or near the 600 block of Atlantic Street, S.E., Washington, D.C.  I was driving my vehicle; Officer Clay was in the front passenger seat.  Officer Clay and I were looking for stolen property when we encountered an individual whom I later learned was DeOnte Rawlings.  When I first observed DeOnte Rawlings, he was operating my motorized mini-bike.

4.     I stopped my truck near DeOnte Rawlings.  DeOnte Rawlings got off the mini-bike and stood facing the driver's side front door of my truck.

5.    I observed DeOnte Rawlings reach into his right front pocket and he retrieved a gun.  DeOnte Rawlings held the gun near the side of his right leg.

6.    I pulled my service weapon; DeOnte Rawlings fired his gun at me.  I discharged my weapon in return.

7.    DeOnte Rawlings was running as he fired his gun in my direction.  I returned fire.

8.    At no time prior to the encounter with DeOnte Rawlings did Officer Clay and I discuss or agree to commit an unlawful act.

Executed on 6/20/2008

JAMES HASKEL

2