UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHARLES RAWLINGS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 07-1914 (PLF) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the plaintiffs' objections to the opinion and order of November 25, 2008 issued by Magistrate Judge Alan Kay, to whom this case was referred for the management of discovery.[1] In that opinion and order, Magistrate Judge Kay (1) denied without prejudice the plaintiffs' motion to compel the District of Columbia to disclose an unredacted copy of the final Force Investigation Team Report ("FIT Report") pertaining to the shooting at issue in this case; (2) denied the plaintiffs' motion for a default judgment or other sanctions to remedy alleged discovery violations by the defendants; and (3) granted the plaintiffs' motion to compel the District of Columbia to permit inspection of physical evidence. Magistrate Judge Kay also concluded that the depositions of Sergeant Wax and Officer Clay should be

---

[1] The papers submitted in connection with this matter include: Plaintiffs' Objections to the Magistrate Judge's Memorandum Opinion and Order of November 25, 2008; Defendant District of Columbia's Response to the Plaintiffs' Objections; Response to the Plaintiffs' Objections by Defendants Anthony Clay and James Haskel; and Plaintiffs' Reply to the Defendants' Responses.

completed as soon as possible.[2] The plaintiffs now ask this Court to modify or set aside every aspect of Magistrate Judge Kay's November 25, 2008 decision on the ground that it is "clearly erroneous or contrary to law."  LOCAL CIV. R. 72.2(c); see also FED. R. CIV. P. 72(a).

      Many of the plaintiffs' objections to the November 25, 2008 decision are now moot.  Plaintiffs' objections related to the FIT Report and to Sergeant Wax's deposition testimony are moot by virtue of Chief Judge Lamberth's decision of June 10, 2009, see *supra* note 2, which addresses the extent to which Rule 6(e) of the Federal Rules of Criminal Procedure applies to both.  See Notice of Filing of Unsealed Order Denying the District of Columbia's Motion for an Order Authorizing the Disclosure of Grand Jury Material, Ex. 1, In re Grand Jury Investigation, Miscellaneous No. 09-0039, Memorandum Order (D.D.C. June 10, 2009) (Lamberth, C.J.).  Because Chief Judge Lamberth's decision also addresses whether certain

---

    [2]    At Sergeant Wax's deposition, which occurred on October 23, 2008, the plaintiffs took exception to the District of Columbia's refusal to permit Sergeant Wax to answer certain questions about the FIT Report and his participation in the underlying investigation.  The plaintiffs therefore filed a second motion to compel and for sanctions, this time seeking to compel the District of Columbia to allow Sergeant Wax to answer questions about such matters. See Plaintiffs' Second Motion to Compel (Dec. 11, 2008).

    Because the parties' disputes about the proper scope of Sergeant Wax's deposition testimony centered on their conflicting interpretations of Rule 6(e) of the Federal Rules of Criminal Procedure, and because the District of Columbia had moved before Chief Judge Royce Lamberth for an order permitting it to discover and disclose matters covered by Rule 6(e), Magistrate Judge Kay deferred consideration of the plaintiffs' second motion to compel pending Chief Judge Lamberth's ruling.  Chief Judge Lamberth issued his ruling on June 10, 2009, and an unsealed copy of that ruling, redacted by Chief Judge Lamberth, was filed on the docket of this case by the District of Columbia on August 5, 2009.  Chief Judge Lamberth's ruling on the so-called "Rule 6(e) issue" largely resolved the parties' disputes about Sergeant Wax's deposition testimony and other matters raised by the plaintiffs' second motion to compel.  Thus, on August 6, 2009, Magistrate Judge Kay issued an opinion and order denying as moot the plaintiffs' second motion to compel.  See Rawlings v. District of Columbia, Civil Action No. 07-1914, Memorandum Opinion and Order at 1-2 (D.D.C. Aug. 6, 2009) (Kay, M.J.).

photographs may be disclosed – and because the District of Columbia claims that the plaintiffs have inspected all other evidence in its possession – the Court assumes that any remaining complaints the plaintiffs may have had related to access to physical evidence are moot as well.

As for the remainder of the plaintiffs' objections, the Court concludes that they do not warrant modifying or setting aside any part of Magistrate Judge Kay's November 25, 2008 opinion and order.  The Court understands that the plaintiffs are frustrated with the pace of discovery in this case.  Nevertheless, the Court cannot conclude that Magistrate Judge Kay acted erroneously or in a manner contrary to law when he concluded that the depositions of Sergeant Wax and Officer Clay should be completed as soon as possible or when he denied the plaintiffs' motion for a default judgment or other sanctions.  Accordingly, it is hereby

ORDERED that Plaintiffs' Objections to the Magistrate Judge's Memorandum Opinion and Order of November 25, 2008 [41] are DENIED as moot in part and DENIED on the merits in part.  For the reasons stated above, the Court declines to modify or set aside any aspect of Magistrate Judge Kay's November 25, 2008 opinion and order; and it is

FURTHER ORDERED that, on or before August 31, 2009, the parties shall meet, confer and file a joint report informing the Court as to what discovery disputes remain to be decided, whether by the undersigned or by Magistrate Judge Kay.

SO ORDERED.

DATE:  August 17, 2009

/s/_____
PAUL L. FRIEDMAN
United States District Judge