UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
CHARLES RAWLINGS,                   )
                                    )
           Plaintiff,               )
                                    )
    v.                              )   Civil Action No. 07-1914 (PLF)
                                    )
DISTRICT OF COLUMBIA, *et al.*,     )
                                    )
           Defendants.              )
_____ )

MEMORANDUM OPINION

        This matter is before the Court on a motion *in limine* filed by defendants Anthony Clay, James Haskel, and the District of Columbia to exclude evidence of Officer Haskel's involvement in two prior off-duty shootings. Upon consideration of the parties' papers, the relevant legal authorities, and the record in this case as a whole, the Court has granted the defendants' motion.[1]

        The defendants seek an order, pusuant to Fed. R. Evid. 404(b), "prohibiting Plaintiff from mentioning at any stage of the trial — opening statement, direct examination of any witness, cross-examination of any witness, or closing argument — and from introducing any documentary or testimonial evidence that Officer Haskel was involved in two prior off-duty shootings." Mot. at 2.

---

[1] The documents reviewed by the Court include the following: Defendants' Revised Second Motion *in Limine* (Dkt. No. 120) ("Mot."); Plaintiff's Opposition to Defendants' Revised Second Motion *in Limine* (Dkt. No. 141) ("Opp."); Defendants' Response to Court Order Regarding Revised Motions *in Limine* (Dkt. No. 149).

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." FED. R. EVID. 404(b).  Such evidence may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.

The Court applies a two-step analysis to determine the admissibility of other crimes, wrongs, or acts under Rule 404(b).  United States v. Loza, 764 F. Supp. 2d 55, 57 (D.D.C. 2011).  First, the Court must determine whether "'the evidence [is] probative of some material issue other than character.'" Id. (quoting United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994)).  Any purpose for which such evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.  See United States v. Mahdi, 598 F.3d 883, 891 (D.C. Cir. 2010).  If the evidence of other crimes, wrongs, or acts is determined to be relevant to a legitimate purpose, the Court must determine whether it nevertheless should be excluded under Rule 403 of the Federal Rules of Evidence because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" FED. R. EVID. 403; see United States v. McCarson, 527 F.3d 170, 173-74 (D.C. Cir. 2008); United States v. Clarke, 24 F.3d at 264.

The Court finds that evidence of defendant Haskel's prior shootings is not relevant to any legitimate purpose and is therefore inadmissible under step one of the inquiry. The only purpose that plaintiff identifies for this evidence is to support his claims for negligent training and supervision under common law and 42 U.S.C. § 1983.  See Opp. at 2-6, 9.  The Court, however, has granted summary judgment to the defendants on both of those claims.  See

<u>Rawlings v. District of Columbia</u>, Civil Action No. 07-1914, 2011 WL 5117099, at *17-*20 (D.D.C. Oct. 28, 2011). Evidence of the previous shootings thus cannot be relevant on the basis of those claims. The plaintiff has identified no other purpose for the evidence, and the Court cannot discern any purpose for it other than to demonstrate that defendant Haskel, during the Rawlings incident, acted in conformity with a tendency to engage in off-duty shootings. Evidence of the prior shootings may not be admitted for that purpose. See FED. R. EVID. 404(b); <u>Hudson v. District of Columbia</u>, 558 F.3d 526, 529-32 (D.C. Cir. 2009) (remanding for new trial because district court erroneously allowed counsel to question witness about defendant police officer's prior bad acts to show conformity therewith).

Accordingly, by Order of November 3, 2011, the Court has granted the defendants' motion *in limine* to exclude any evidence that Officer Haskel was involved in two prior off-duty shootings, and to prohibit any reference to those shootings at any stage of the trial.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 4, 2011